PER CURIAM.
We have for consideration the quadrennial report of The Florida Bar Rules of Workers’ Compensation Procedure Committee (“Committee”) proposing rule changes in accordance with Florida Rule of Judicial Administration 2.130(c)(3). We have jurisdiction. See art. V, § 2(a), Fla. Const.
Pursuant to Florida Rule of Judicial Administration 2.130(c)(2), the proposed changes were submitted to the Board of Governors of The Florida Bar, and the Board unanimously recommended acceptance of all of the Committee’s proposed changes. The Committee’s proposals were published pursuant to Florida Rule of Judicial Administration 2.130(c)(4), and we received one comment. After reviewing the Committee’s proposals and the comment received, and hearing oral argument, we adopt the Committee’s proposed amendments, with the exceptions noted below.
We adopt the Committee’s proposed amendments to rule 4.025, Claims Not Contained in Petition, and rule 4.065, Motion Practice, which provide that substantive motions are to be filed with the presiding judge of compensation claims when a petition is pending, but with the Division of Workers’ Compensation when there is no petition pending. We further amend rule 4.065 to provide that motions to bifurcate the issues are to be considered procedural motions. Additionally, rule 4.065 is amended to provide that motions to dismiss for lack of prosecution need not contain a certification that opposing counsel has been contacted to resolve the matter without a hearing.
The Committee proposed that rule 4.045, Pretrial Procedure, be amended to provide that the appointment of an expert medical advisor (“EMA”) is an issue that is to be discussed at the pretrial conference. The Committee indicated at oral argument that the intent of the amendment was to have the appointment of an EMA discussed at pretrial if a conflict in medical testimony was apparent at that time. Although we adopt the Committee’s proposed amendment, we have altered the proposed language to reflect that the rule does not preclude the appointment of an EMA after pretrial if a conflict in medical testimony does not arise until after pretrial. See generally Walsdorf Sheet Metal Works, Inc. v. Gonzalez, 719 So.2d 355, 357 (Fla. 1st DCA 1998)(motion for appointment of EMA to be made “with reasonable promptness after the disagreement between health care providers [has] surfaced”). However, if the conflict in medical testimony is apparent at pretrial, it should be discussed at that time. We also adopt the remaining Committee proposals to rule 4.Q45, which provide that witness and exhibit lists, supplements, and amendments to the pretrial stipulation are to be served thirty days prior to the final hearing, rather than filed within thirty days as in the present rule. However, these documents may be served after this deadline upon stipulation of the parties or approval of the judge.
*864 The Committee’s proposed modification to rule 4.105, Expedited Hearings, is also adopted. This rule is amended to comply with section 440.25(4)(j), Florida Statutes (1999), to indicate that claims of less than ■ $5000 are presumed to be resolvable in an expedited hearing. However, on written agreement of the parties and on application by either party, other claims for benefits may be resolved in an expedited hearing.
We adopt the Committee’s proposals to amend rule 4.115, Orders. Subdivision (c) of this rule is amended to replace a cross-reference regarding retention of jurisdiction with the appellate rule now governing corrections of clerical errors. The portion of this rule indicating that a judge of compensation claims may conduct hearings and enter orders in rule nisi proceedings is deleted to comply with Metropolitan Dade County v. Rolle, 661 So.2d 124 (Fla. 1st DCA 1995), which held that a judge of compensation claims is not authorized to serve as a special master in rule nisi proceedings.
We adopt the main portion of the Committee’s proposed amendments to rule 4.141, Motion for Rehearing; however, we modify the proposal as follows. The Committee had recommended changing the time limitations for filing a motion for rehearing from twenty days to ten days following entry of the order so that this rule would conform with the Florida Rules of Civil Procedure. Because Florida Rule of Civil Procedure 1.530(b) provides ten days to serve a motion for rehearing, rather than ten days to file the motion, we amend the rule to provide that a motion for rehearing be served within ten days of entry of the order. We adopt the Committee’s other proposed amendment to this rule, and amend the rule to provide that the judge of compensation claims, not the mov-ant, has the responsibility to direct the disposition of a motion for rehearing within thirty days after the order is mailed to the parties.
We also adopt the Committee’s proposed amendment to rule 4.143, Settlement Under Section 440.20(11), Florida Statutes. Although we recognize commentator Kevin S. Murphy’s concern regarding an employer/carrier’s interest in fully settling all claims with a claimant, we also recognize the jurisdictional limitations of the judge of compensation claims. As amended, the rule provides that general release language relating to matters other than workers’ compensation issues may not be included in joint petitions and stipulations.[1] We note that if this information is material to the judge of compensation claims’ consideration of the joint petition, rule 4.143(d)(4) presently requires that joint petitions be accompanied by any evidence “that is material to the consideration and disposition of the settlement.”
We adopt the Committee’s recommended amendments to the rules regarding mediation in workers’ compensation proceedings. Rule 4.310, Mandatory Mediation, is amended to provide that parties may stipulate to a mutually agreeable mediator for the initial mandatory mediation session instead of having a mediator appointed by the chief judge. Rule 4.370, Conclusion of Mediation, is amended to provide that total or partial agreements following mediation may be signed by either the parties or their attorneys.
We also adopt the Committee’s proposed changes to several forms. Form 4.905* Motion for Ex Parte Payment of Attorney Fees, is amended to include a certification by the movant’s attorney that attorneys’ fees have not been paid by the' employ *865 er/carrier, and if a fee is paid by the employer/carrier in the future, the fee provided for in the motion will be reimbursed to the employee.
Form 4.9075, Petition for Benefits, is presently divided into two sections, one for accidents occurring on or before December 31, 1993, and the other for accidents occurring after that date. We adopt the Committee’s proposals to combine these two sections into one and to incorporate a docketing order into this form.
Form 4.910, Uniform Pretrial Stipulation and Pretrial Compliance Questionnaire; Form 4.915, Uniform Special Disability Trust Fund Pretrial Stipulation, Pretrial Compliance Questionnaire, and Order; and Form 4.916, Uniform Pretrial Stipulation and Order for Penalty Cases, are amended in accordance with the Committee’s proposals. As amended, these forms will request parties to provide a witness’s expected area of testimony as well as any objections to this testimony by the opposing party. As the Committee explained at oral argument, this modification will not preclude a witness testifying on an issue not listed on the form in the event of an unexpected change at trial. These forms are also modified to request the listing of any objections to documentary evidence intended to be presented by the parties.
We adopt the Committee’s proposed changes to Form 4.913, Subpoena. The Committee proposed that this form be modified to present four versions: trial subpoena, deposition subpoena, subpoena duces tecum, and subpoena duces tecum in lieu of attendance at deposition. As amended, these versions provide additional information regarding the claimant and the employer/carrier, reflect that attorneys can issue subpoenas, inform recipients that a failure to appear may result in contempt of court, and notify recipients of a subpoena duces tecum in lieu of deposition that the attorney requesting the documents is required to pay a reasonable cost for the copies requested. We also adopt the Committee’s proposed new Form 4.9135, Affidavit of Service of Subpoena.[2]
Accordingly, we amend the Rules of Workers’ Compensation Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deleted language is indicated by over-striking. The committee notes are offered for explanation only and are not adopted as an official part of the rules.[3] The amendments shall become effective January 1, 2001, at 12:01 a.m.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.

APPENDIX

RULE 4.025. CLAIMS NOT CONTAINED IN PETITION
(a) Generally. Claims not contained in a petition shall be filed with the division at its office in Tallahassee and served pur-su-ant-t&under rule 4.030. Claims shall be subject to adjudication by the judge or reviewing court but shall not be subject to *866 the informal dispute resolution process or review by the docketing judge. Claims shall be limited to the following subjects:
(1) Modification of Prior Compensation Order. Application for modification of an order under section 440.28, Florida Statutes, shall be substantially in the form of a petition under section 440.192(2), Florida Statutes, and shall include a request for a hearing. Adjudication shall be in the manner provided in rules 4.045, 4.075, and 4.085.
(2) Claim for Reimbursement from Special Disability Trust Fund. A claim for reimbursement from the Special Disability Trust Fund filed under section 440.49(7), Florida Statutes, shall be made under the administrative rules promulgated by the division. Adjudication of such a claim shall be in the manner provided in rules 4.045, 4.075, and 4.085.
(3) Claims against Third Parties. The employer or its carrier may at any time file a claim seeking reimbursement, contribution, indemnification, or exoneration from any third party. Adjudication of such a claim shall be in the manner provided in rules 4.045,4.075, and 4.085.
(4) Claims Limited to Attorney Fees and/or Taxable Costs. Claims limited to attorney fees and/or taxable costs when benefits have been paid previously and provided or awarded shall be handled under rule 4.144.
(5) Substantive Motions. Substantive motions shall be governed as provided by rule 4.065(a).
(b) Consolidation of Claims. On the judge’s own motion, or on the motion of any party, the judge may consolidate any of the aforementioned claims, except for a claim for reimbursement from the Special Disability Trust Fund referred to in subdivision (a)(2), with any pending petition for the purpose of a hearing or for any other purpose.
Committee Notes
1996 Adoption. This rule defines the types of claims not included in a petition for benefits filed under section 440.192, Florida Statutes, that bypass the request-for-assistance process in section 440.191(2)(a), Florida Statutes, and the docketing judge’s review under section 440.45(3), Florida Statutes.
2000 Amendment. Subdivision (5) was added to (a) to clarify that substantive motions under rule 4.065(a). are filed with the division when there is no petition pending with the judge of compensation claims. If a petition is pending with the judge of compensation claims, the motion should be filed with the presiding judge.
RULE 4.030. FILING AND SERVICE
(a) Filing. Unless otherwise ordered or provided by these rules or chapter 440, Florida Statutes, any pleading or other papers filed in proceedings shall be served on each party.
(b) Method of Service.
(1) How Service Is Made. Delivery of a copy within this rule shall mean
(A) handing it to the attorney or party;
(B) leaving it at the attorney’s office with a clerk or other person in charge thereof, or if there is no one in charge, leaving it in a conspicuous place therein;
(C) if the office is closed or the person to be served has no office, leaving it at the person’s usual place of abode with a member of the person’s family above 15 years of age and informing such person of the contents;
(D) placing it in the United States mail; or
(E)transmitting it by facsimile.
*867 Service by delivery or by facsimile after 5:00 p.m. shall be deemed to have been made on the next day that is not a Saturday, Sunday, or legal holiday.
(2) Service by Mail.
(A) When service is made by mail, the copy shall be mailed by United States mail, postage prepaid, to the last known address of the party or attorney. Petitions must be sent by certified mail.
(B) Service by mail shall be complete upon mailing.
(C) Except for a petition, when service is made by mail, 5 days shall be added to the time allowed for the performance of any act required to be done, or allowed to be done, within a certain time after service. This does not apply to filing requirements for institution of appellate proceedings or notices of hearings.
(3) Service by Facsimile Device.
(A)Wfiien a facsimile device is used, a cover sheet or its equivalent providing the sender’s name and telephone number shall be included and a copy of the document shall be sent simultaneously to the recipient by mail.
(B) The sending party shall retain proof of the transmission.
(C) Delivery shall be complete on transmission of a complete facsimile of the document.
(c) Certificate of Service. When required, any attorney or unrepresented party shall certify in substance:
“I certify that a copy hereof has been furnished to .... (name or names and address or addresses) .... by .... (method of delivery) .... this day of ., 19.... on.... (date)....
Attorney (or unrepresented party)”
The certificate shall be taken as prima facie proof of such service in compliance with these rules.
(d) Subpoenas. Issuance, service, and proof of service of subpoenas of the judge of compensation claims shall be in the form and manner provided by the Florida Statutes and the Florida Rules of Civil Procedure.
Committee Notes
1979 Adoption. This replaces rule 2(h), 1977 W.C.R.P., which merely provided “ ‘Service’ shall be as provided in the Florida Rules of Civil Procedure.”
Subdivision (c) replaces rule 3(b), 1977 W.C.R.P. The caveat to the filing of appellate proceedings is to warn of the jurisdictional nature of section 440.25(4)(f), Florida Statutes (1979), which provides:
Beginning on October 1, 1979, procedures with respect to appeals from orders of deputy commissioners shall be governed by rules adopted by the Supreme Court. Such an order shall become final 30 days after mailing of copies of such order to the parties, unless appealed pursuant to such rules. The provisions of paragraphs (a)-(e) shall apply only until September 30,1979.
1984 Amendment. Clarifies rules 3(c) and 8(a) by specifically excluding 15-day hearing notice from operation of rule 3(c).
1988 Amendment. This rule is not intended to confer standing to sue on any person not accorded such standing by Florida Statutes.
1996 Amendment. Further clarifies method of service of pleadings and specifically includes service by facsimile device.
RULE 4.045. PRETRIAL PROCEDURE
(a) Generally. The judge shall, on a motion by any party, hold a pretrial hearing. If no pretrial hearing has been no *868 ticed previously, the judge shall schedule a pretrial hearing after receiving a notice of impasse from the mediator.
(b) Notice of Pretrial. The judge shall give parties at least 7 days’ notice of a pretrial hearing and may combine the notice of the pretrial hearing with the other notices. Unless the judge indicates otherwise, pretrial hearings will be held in the county where the judge’s office is located.
(c) Continuance. Pretrial hearings may be continued or extended with prior approval of the judge.
(d) Appearance of Counsel. Counsel for the parties shall appear at the pretrial conference. If attendance is not waived by the judge following proper notice, nonlocal attorneys, as defined in the pretrial order, may appear by phone.
(e) Telephone Hearing. The judge may conduct the pretrial hearing by telephone at the request of any party or on the judge’s own motion, provided all parties are represented by counsel.
(f) Waiver of Hearing. If all parties are represented by counsel, the judge may waive attendance or cancel the pretrial hearing if a written pretrial stipulation is filed with the judge before the date of the pretrial hearing. In such cases, all parties will be presumed to have a full and complete understanding of all issues involving benefits claimed, the defenses asserted, the witnesses to be presented, and the exhibits to be introduced into evidence.
(g) Attendance. If a party or a party’s attorney fails to attend the hearing without good cause, the judge may dismiss the petition or claim, strike defenses, or take such other action as may be authorized by law or rule 4.150.
(h) Purpose of Pretrial. At the pretrial conference, the parties shall:
(1)state and simplify the claims, defenses, and issues;
(2) stipulate and admit to such facts and documents as will avoid unnecessary proof;
(3) present, examine, and mark all exhibits for identification, including all impeachment and rebuttal exhibits;
(4) furnish the opposing party the names and addresses of all witnesses, including impeachment and rebuttal witnesses. A party may be required to provide a statement of subject matter of the expected testimony of one or more witnesses;
(5) exchange all available written reports of experts when expert opinion is to be offered at trial. The reports should clearly disclose the expert opinion and its basis on all subjects on which the expert will testify. If stipulated into evidence, the reports shall be presented to the judge to be so marked. The parties shall consider and determine a limitation of the number of expert witnesses;
(6) estimate trial time and schedule the final hearing; and
(7) consider and determine, as appropriate, such other matters as may aid in the disposition of the case, including, but not limited to, referral to additional mediation or appointment of an expert medical advisor under section 440.13(9)(c), Florida Statutes.
(i) Forms of Stipulations. The appropriate pretrial stipulation and pretrial compliance questionnaire shall be used. — Final witness-aad-exhibit lists-,--and any supplements to the pretrial-stipulation, shall be filed at the pretrial-hearing or 30 days before -the final hearing. Exhibits shall be attached to the pretrial stipulation. — Witness lists, exhibit lists, and supplements served-after the pretrial hearing must first be approved by the judge. A-motion-seek■ing sueh-approval is -a-procedural motion.
*869 (j) Final Witness Lists, Final Exhibit Lists, Supplements, and Amendments. Final witness lists, final exhibit lists, supplements, and amendments to the pretrial stipulation shall be served no later than 30 days before the final hearing. Witness lists, exhibit lists, supplements, and amendments served less than 30 days before the final hearing must be approved by the judge or stipulated to by the parties. A motion seeking such approval is a procedural motion.
(jk) Motion Hearings at Time of Pretrial. At the discretion of the judge and on filing and service of motion and notice of hearing not less than 5 days before the date of the pretrial hearing, procedural motions may also be heard at the time of the pretrial hearing.
(kl) Pretrial of Penalty Hearings.
• (1) When an employer or carrier has protested an assessment by the division of penalties, fines, or interest under sections 440.185 or 440.20, Florida Statutes, the judge shall cancel and waive attendance at a pretrial hearing regarding a hearing on such penalties, fines, or interest if a written pretrial stipulation is filed with the judge before the date of any scheduled pretrial hearing.
(2) Pretrial stipulations regarding penalties, fines, or interest assessed against an employer or carrier shall be substantially the same as form 4.916.
(3) The division shall complete its portion of the pretrial stipulation and mail or otherwise deliver the original and one copy to the employer or carrier. The division shall file a notice of filing with the judge indicating the stipulation has been delivered to the employer or carrier for completion. The employer or carrier shall complete its portion of the pretrial stipulation and file the original with the judge and simultaneously mail or otherwise deliver a copy to the division and to the general counsel of the department.
(1m) Record. The judge shall record the pretrial hearing by stenographic or electronic means at the request of any party or by a written stipulation signed by the parties.
(an) Pretrial Order.
(1) At the request of any party or by his or her own motion, the judge promptly shall enter an order reciting the actions taken at the pretrial hearing and the agreements made by the parties about any of the matters considered and limiting the issues for trial to those not disposed of by admissions or stipulations of parties.
(2) The order shall control the subsequent course of the action unless the judge modifies it to prevent injustice.
(3) The judge shall serve the order on the attorneys for the parties and on any party not represented by counsel.
(4) Unless otherwise specified in the notice of hearing, the judge may consider and determine all issues pending as of the date of the pretrial hearing.
(no) Setting and Noticing Final Hearing. If the date is not already set, the judge shall set the date of the final hearing at the pretrial hearing. The notice of the final hearing may be set forth in the pretrial order accompanying the pretrial stipulation or may be mailed separately by the judge to all interested parties.
Committee Notes
1996 Adoption. Replaces rule 4.100, but includes many of the provisions of the previous rule. Requires a judge of compensation claims to schedule a pretrial hearing after receipt of a mediator’s report declaring an impasse as per section 440.25(4)(a), Florida Statutes.
*870 Provides for pretrial of protested penalty assessment orders and the method thereof. Clarifies when personal appearances may be waived and prescribes the form of the pretrial stipulation. Requires furnishing names and addresses of all witnesses to be used at trial, including impeachment and rebuttal witnesses.
2000 Amendment. Subdivision (h)(7) was amended to include the appointment of an expert medical advisor as one of the matters to be addressed at the time of the pretrial conference. Subdivision (i) was shortened and a new subdivision (i) was added to require stipulation of the parties or approval by the .judge if final witness lists, final exhibit lists, supplements, and amendments to the pretrial stipulation are served less than 30 days before the final hearing.
RULE 4.065. MOTION PRACTICE
(a) Substantive Motions. A motion relating to the adjudication of entitlement to benefits, including, but not limited to, motions to vacate orders for lump-sum advances, motions for advances under sections 440.20(12)(c)2 and 440.20(12)(d), Florida Statutes, appeals of administrative fines or penalties under section 440.106, Florida Statutes, motions for appointment of guardians, motions to appoint expert medical advisors under section 440.13, Florida Statutes, requests for imposition of sanctions under these rules, motions to disqualify a judge or a mediator, motions to recuse counsel, motions to correct the appellate record, and motions to appoint independent medical examiners under section 440.13, Florida Statutes, shall be filed and handled in the manner as provided for a claim in rule 4.025, except the motion shall be filed with the presiding judge in cases where a petition is pending.
(b) Procedural Motions.
(1) Procedural motions include, but are not limited to, motions to consolidate, motions related to discovery, motions to dismiss for lack of prosecution, motions to dismiss for lack of specificity, motions to amend pretrial stipulations, motions for a continuance, motions to compel, motions for protective orders, motions to bifurcate the issues, and motions in limine. Procedural motions shall be heard on not less than 5 days’ written notice. The judge may require the moving party to serve written notice of the hearing on opposing counsel. No pretrial hearing shall be required.
(2) A procedural motion shall set forth in detail the facts giving rise to the motion, its legal basis, and the specific relief sought. Any documents relied on should be specifically referenced and attached.
(c) Contents.
(1) All motions shall contain the-follow-inga certificate of counsek-£A)-that Tthe motion is made in good faith and not for the purpose of delay.
(2) All motions, other than motions to dismiss for lack of prosecution under rule 4.075(e), shall contain a certifícate of counsel (B-) The that opposing counsel has been contacted in an effort to resolve the matter without a hearing, and despite those efforts, the opposing counsel objects to the motion.
(d) Emergency Motions. All emergency procedural motions shall be identified as such and shall identify the nature of the emergency including time constraints. Emergency procedural motions shall be heard promptly.
(e) Response to Motions. A written response to a contested motion is not required. If a written response is made, it shall specifically state the basis for the objection.
*871 (f) Hearing Location. Unless the moving party obtains prior approval of the judge, all procedural motions shall be heard at the office of the judge. If the judge allows telephone appearances, the party wishing to appear by telephone shall be responsible to coordinate the appearance of counsel and other necessary participants and to notify the judge.
(g) Notice of Hearing. Notices of hearing shall be prepared and served on the parties pursuant founder rule 4.030.
(h) Motion Hearing at Pretrial Hearing. Motions may be heard at pretrial hearing in accordance with rule 4.045.
(i) Motions Seeking Affirmative Relief. Judges, at their own discretion, may treat any motion seeking affirmative relief or the adjudication of entitlement to any benefits in the manner provided for a claim or petition under these rules.
(j) Motions to Dismiss.
(1) In addition to meeting the requirements of subdivision (a), all motions to dismiss must state with particularity the basis for the motion. The judge shall enter an order on such motions without a hearing, unless good cause for the hearing is shown.
(2) Notwithstanding the entry of a docketing order under rule 4.029, any motion to dismiss for lack of specificity must be filed pursuant to section 440.192(5), Florida Statutes, and comply with the requirements of subdivisions (a) and (b) of this rule. The motion must be filed within 30 days after receipt of the petition or it is waived.
(k) Motion to Receive Medical Records. All medical records of authorized treating health care providers relating to the claimant and subject accident shall be received into evidence upon proper motion served on the opposing party at the time of the pretrial hearing or no later than 30 days before the final hearing. Such records shall be served with the motion.
Committee Notes
1996 Adoption.- This rule clarifies existing procedure in various districts and defines procedural versus substantive motions that may require an evidentiary hearing. Replaces rule 4.140.
The motion to receive into evidence the medical records of authorized treating health care providers may be contained within the Uniform Pretrial Stipulation, Pretrial Compliance Questionnaire, and Order.
2000 Amendment. The Committee notes that although the various motions under this rule have been categorized as either substantive or procedural, there are circumstances, including the agreement of the parties, when substantive motions may be treated as procedural and procedural motions may be treated as substantive. The latter occurs when evidence must be presented to assure due process rights. The judge has discretion to determine whether and when an evidentiary hearing is necessary. Subdivision (a) was amended to clarify that substantive motions should be treated as a “claim not contained in a petition.” In order to reduce the time for judicial determination, the motion now should be filed with the presiding judge once a petition is pending. A motion to bifurcate the issues was added to the list of procedural motions because of the change in the appellate rules addressing the appeal of nonfinal orders. Finally, it was recognized that the requirement to contact opposing counsel before the filing of a motion to dismiss for lack of prosecution negated the possibility that the petition would be dismissed.
*872 RULE 4.075. PROSECUTION OF CLAIM AND PETITION FOR BENEFITS BEFORE JUDGE
(a) Generally. To protect the interest of any party and to advance the proceedings, the judge may:
(1) sever any issue; ■
(2) continue a scheduled hearing as to any or all issues;
(3) reserve jurisdiction of any issue;
(4) dismiss any issue without prejudice;
(5) refer any issue to the EAO in the event a petition filed by an unrepresented claimant is found to be nonspecific or a party has failed to exhaust the EAO administrative remedies; or
(6) refer any issue to mediation.
(b) Prosecution of Claim or Petition. After a final hearing has been set, all parties shall diligently prosecute or defend the claim or petition.
(c) Continuances.
(1) Continuances of hearings will not be freely granted and will be granted only upon a showing of good cause.
(2) The judge may cancel or continue a trial on his or her own motion or on the motion of a party if the judge finds that the cancellation or continuance is for good cause and has not resulted from lack of diligence in the prosecution or defense of the petition or claim.
(3) A request for a continuance shall be made by motion or stipulation of the parties and shall specify the reason that the continuance is necessary.
(4) Unless otherwise ordered by the judge, continuance of a trial or pretrial hearing shall automatically extend the time provided for the completion of any subsequent act.
(5) If there is a pretrial stipulation or pretrial order in place and the final hearing is continued, an additional pretrial hearing will not be set unless requested in writing by a party.
(d) Voluntary Dismissal. A claim or petition may be dismissed by the claimant or petitioner without an order by filing a notice or stipulation of voluntary dismissal at any time before the final hearing begins, or during the final hearing before the claimant or petitioner rests by stating on the record such notice of voluntary dismissal. Unless otherwise stated in the notice or stipulation, the dismissal is without prejudice, except that a second notice of voluntary dismissal shall operate as an adjudication of denial of any claim or petition for benefits previously the subject of a voluntary dismissal.
(e) Motion to Dismiss for Lack of Prosecution.
(1)A motion to dismiss for lack of prosecution may be filed if it appears that no action has been taken on any claim or petition by request for hearing, filing of pleading, order of the judge, payment of compensation, provision of medical care, or otherwise, for a period of one year.
(2)The judge shall serve notice of hearing on the parties by regular mail at their last known address.
(3)The motion to dismiss shall be granted unless a party shows good cause why the claim or petition should remain pending.
(f) Proceedings by Telephone.
(1) The judge may conduct any proceedings permitted under these rules or under chapter 440, Florida Statutes, by telephone conference, provided a means of recording the proceedings is available, if requested by any party.
(2) No live testimony, other than that of an expert witness as defined by the *873 applicable statutes, shall be taken by telephone without the agreement of all parties.
(3) In the event that trial testimony is taken by telephone, the oath shall be administered in the physical presence of the witness, by a notary public or officer authorized to administer oaths. A certificate of the notary public or officer, substantially the same as form 4.9105, shall be filed by the party offering the witness’s trial testimony within 15 days.
Committee Notes
1996 Adoption. This rule replaces and expands rule 4.110. Subdivision (d) is in response to the First District Court of Appeal pronouncements in Eastern Airlines v. Granese, 631 So.2d 365 (Fla. 1st DCA 1994), and Judge C.J. Kahn’s suggestion in his concurring opinion in Perez v. Winn-Dixie, 639 So.2d 109 (Fla. 1st DCA 1994), that the Committee examine this subdivision to accurately reflect its intent that voluntary dismissals in workers’ compensation matters conform to Florida Rule of Civil Procedure 1.420(a)(1), as the Committee stated in its 1984 Committee Note to prior rule 4.110.
2000 Amendment. The First District Court of Appeal has stated that the requirements of subdivision (f)(3) may be waived by agreement of counsel. E-Z Serve Convenience Stores, Inc, v. Paul, 720 So.2d 301 (Fla. 1st DCA 1998).
RULE 4.085. FINAL HEARING
(a)Notice. The judge shall give 30 days’ notice of the final hearing to all parties by mail. The notice of the final hearing may be set forth in the pretrial order accompanying the notice of mediation, notice of pretrial hearing, and pretrial order, or may be issued separately by the judge.
(b) Form and Service of Notice. The notice shall state clearly the questions at issue or in dispute that the judge will hear.
(c) Attendance.
(1) Unless excused by the judge, counsel for all parties shall attend the final hearing in person.
(2) Except as authorized under the Florida Rules of Civil Procedure, the claimant shall attend the final hearing in person. As provided under rule 4.075, a witness may appear by telephone, provided communication equipment is available at the location of the final hearing and prior arrangements have been made for administering the oath to the witness.
(3) Witnesses appearing by telephone must be identified at the time of the pretrial hearing or specifically designated in the witness list or pretrial stipulation.
(d) Witnesses.
(1) Only those witnesses listed in the pretrial stipulation or in the witness list served no later than 30 days before the final hearing will be allowed to testify.
(2) Witnesses may be added after the 30-day witness deadline only by stipulation of the parties or by approval by the judge.
(e) Admissibility, of Evidence,
(1)- The judge shall rule promptly on a question of the admissibility of evidencev
(2) If an ■objection is made and-not ruled-on by the-judge, the ruling shall be presumed to be adverse-tp the party-making-the objection^
(f)-Proffers< — Evidence that has--bees offered.-but ruled inadmissible may be proffered but shall be clearly identified as such-by the judger
■(g)-ExhibitSr
(1) The contents of the division file with respect to a claim or petition shall notJae-admissible evidence as-such, absent the *874 stipulation of all parties, but individual portions of the file shall — be-admitted if admissible — under ■ the rules of evidence.
(2) Legible copies may be substituted for original documents -when-reasonably necessary.
(3) Voluminous or cumbersome exhibits shall-not-be received into-e-v-Mence. unless their-use-is-unavoidable.
(h)-Fosthear-ing- Evidence. — Except-in extraordinary circumstances and only on specific motion, posthearing evidence, in-cludmg-exhibits and depositions, will not be allowed. — However, the judge-on-his or her own motion may consider posthearing evidence.
Committee Notes
1996 Adoption. In most circumstances the petitioner/claimant will appear at the final hearing, particularly if his or her testimony is needed. However, under Florida Rule of Civil Procedure 1.330(a)(3), the deposition of a party may be used at trial under certain circumstances. This rule is intended to conform to Florida Rule of Civil Procedure 1.330(a)(3).
2000 Amendments. Subdivisions (e), (f), (g), and (h) are deleted to avoid duplication with rule 4.120, Procedural rules involving admissibility of evidence, proffers, exhibits, and post-hearing evidence now are contained in one rule and are applicable to all proceedings before judges of compensation claims.
RULE 4.105. EXPEDITED HEARINGS
(a) Generally. If a petition filed in accordance with section 440.192, Florida Statutes, involves a claim or petition of $5,000 or less, excluding attorney fees and costs, it aaayshaH be considered for resolution under section 440.25(4)(j), Florida Statutes. The application for expedited hearing shall be substantially the same as form 4,9091. A copy of this application shall be filed with the .judge and served on all interested parties.
(b) Application for Expedited Hearings, — Qn 'Written application of one party or-by-stipulation, any claim-or petition filed in accordance-with section 440.192, Florida Statutes, may be resolved under section 440.25(4), — Florida Statutes..The application — for--expedited -hearing shall be sub-stantia-H-y-the-same as form 4.9091. A copy of this application shall be filed with the judge and — served on all interested pat-tieSrOther Claims. On written agreement of all parties and application of any party, any claim or petition filed in accordance with section 440.192, Florida Statutes, may be resolved as provided for in subdivision (a).
(c) Motion to Dispense. Any motion to dispense with expedited hearing shall comply with rule 4.065 and must be based on compelling evidence that the claim or petition is not appropriate for expedited resolution.
(d) Expedited Docketing and Notice. The judge shall serve written notice of the hearing on the parties not less than 45 days before the hearing.
(e) Discovery. The parties shall have at least 30 days to conduct discovery, which shall be completed 15 days before the hearing.
(f) Pretrial Outline. At least 15 days before the hearing, a pretrial outline shall be filed with the judge and served on all parties. The following shall be attached:
(1) Statement of the Facts. The statement shall include references to the specific pages in the deposition testimony of witnesses as well as a suggestion of the expected testimony of those witnesses who will be called to testify at the hearing.
*875 (2) Memorandum of Law. The memorandum shall include relevant case citations and copies of the cases cited.
(3) Attachments. A complete composite of the records of the medical advisor appointed by the judge or the division, any independent medical examination (IME) physicians, and any other authorized providers shall be attached. There shall also be attached any depositions or other documentary items on which a party will rely to establish the case. The pages of the composite shall be numbered and the composite shall be preceded by an abstract referencing and synthesizing those portions of the records on which the filing party relies. No additional records, depositions, or documentary evidence will be admitted at the time of the hearing.
(g) Witness and Subpoenas. At the final hearing, the parties must arrange to have all witnesses present or available to testify promptly at the time and place noticed. Subpoenas will be issued on request of the parties or their counsel. If any party or legally subpoenaed witness fails to appear at the time and place set for the hearing, sanctions under rule 4.150 may be imposed or punitive actions authorized under sections 440.32 and 440.33, Florida Statutes, may be initiated.
(h) Final Hearing Procedure. The final hearing will not exceed 30 minutes. The employer/carrier may be represented by an adjuster or other qualified representative. All previously scheduled final hearings and pretrial conferences shall be canceled.
(i) Post-hearing Evidence. Post-hearing evidence shall be considered in the same manner as provided in rule 4.085.
Committee Notes
1996 Adoption. This rule codifies the procedure to follow when requesting a 30-minute expedited hearing as authorized by section 440.25(4)(j), Florida Statutes, for claims of $5,000 or less, or if stipulated to by the parties.
2000 Amendment. The changes were made to make rule 4.105 consistent with section 440.25(4)(j), Florida Statutes.
RULE 4.115. ORDERS
(a) Generally.
(1) The order of the judge shall set forth findings of fact, conclusions of law, and the judge’s determination of the claim or other ruling.
(2) The order shall be signed by the judge and shall include a certifícate of service to all parties and counsel of record.
(b) Amending or Vacating Order.
(1) A judge may, at his or her own discretion or pursuant to a motion for rehearing, vacate or amend an order not yet final pursuant to section 440.25, Florida Statutes.
(2) Grounds for vacating an order may include circumstances in which it appears to the judge that due consideration of a motion for rehearing may not be practicable before the order becomes final.
(c) Effect of Appeal. Nothing in these rules shall be construed to interfere with the judge’s jurisdiction to either approve settlements or correct clerical errors, as specified under rule 4.160Fla. R.App. P. 9.180(c)(2).
(d) Rule Nish — Pursuant to an order of a court-having jurisdiction-of a proceeding to enforce an order of the judge, the judge may conduct such hearings, consider- such-evidence, and enter such orders as-may-be-necessary to- determine any spec-ifie-^sums due pursuant to the order-that is the subject matter of--the rule nisi proceedings
Committee Notes
1996 Adoption. This rule incorporates former rules 4.080(c) and 4.141(b)-(d). *876 Subdivision (b) codifies the long-established . practice in workers’ compensation litigation: A judge of compensation claims retains jurisdiction over an order that has not yet become final. The rule implicitly adopts the majority view in Drexel Properties, Inc. v. Brown, 443 So.2d 150 (Fla. 1st DCA 1983), giving the deputy commissioner wide latitude in determining whether to amend or vacate an order.
2000 Amendment. The cross-reference to the appellate rules was corrected in subdivision (c). Subdivision (d) was deleted because the First District Court of Appeal noted that the circuit court has exclusive jurisdiction to determine the amounts past due in a rule nisi proceeding. Metropolitan Dade County v. Rolle, 661 So.2d 124 (Fla. 1st DCA 1995).
RULE 4.120. ADMISSIBILITY OF EVIDENCE; PROFFERS; EXHIBITS; POST-HEARING EVIDENCE
(a) Admissibility of Evidence. IVhen-ever-a-question- of the admissibility^of-evidence is presented-for-consideration of the judge of compensation-claimsy-the judge shall promptly rule on it. — If an objection is-made-and not ruled on by-the-judge of compensation — claims, the ruling shall — be presumed to be adverse-to the party mak-
(1) The judge shall rule promptly on a question of the admissibility of evidence.
(2) If an objection is made and not ruled on by the judge, the ruling shall be presumed to be adverse to the party making the objection.
(b) Proffers. Evidence which has been offered but ruled inadmissible may be proffered but shall be clearly identified as such by the judge of compensation claims.
(c) Exhibits. Voluminous or cumbersome exhibits shall-not be received in evidence unless their use is unavoidable. The contents-of-the-division file with respect to a-c-laim-shall not be admissible evidence as such, absent the stipulation-of-all parties, but-individual portions of the file may be admitted if admissible ■ under the rules of evidence. — Legible copies-may be substituted for original docaments-when-reasonabley neccessary..
(1) The contents of the division file with respect to a claim or petition shall not be admissible evidence as such, absent the stipulation of all parties, but individual portions of the file shall be admitted if admissible under the rules of evidence.
(2) Legible copies may be substituted for original documents when reasonably necessary.
(3) Voluminous or cumbersome exhibits shall not be received into evidence unless their use is unavoidable.
(d) Post-hearing Evidence. Except in extraordinary circumstances and only on specific motion, post-hearing evidence, including exhibits and depositions, will not be allowed. However, the judge on his or her own motion may consider post-hearing evidence.
Committee Notes
1979 Adoption. This replaces rule 12, 1977 W.C.R.P.
2000 Amendment. The changes incorporate the language formerly contained in rule 4.085(e), (f), (g) and (h) regarding evidentiary procedural matters in all proceedings before judges of compensation claims.
RULE 4.141. ' MOTION FOR REHEARING
(a) Generally. A motion for rehearing shall state specifically the grounds on which it is based and should not be used to reargue issues already determined. A motion for rehearing may be ffledserved only *877 within 2010 days from the date of an order not yet final under section 440.25, Florida Statutes.
(b) Purpose. The purpose of the motion shall be limited to:
(1) call attention to typographical, technical, and scrivener’s errors;
(2) challenge rulings that were outside the scope of the issues presented; or
(3) seek clarification in matters of law or fact that the judge overlooked or misapprehended.
(c) Effect on Timeliness. A motion for rehearing does not toll the time within which either an order becomes final or an appeal may be filed. — It is -the — moving party-s-responsibility to contact -the-judgek offiee-to-schedule a hearing on-the-motio&;
(d) Disposition. The judge shall summarily rule on the motion, conduct a hearing and rule on the motion, or vacate the order within 30 days after the order is mailed to the parties.
Committee Notes
1984 Adoption. This new rule affords parties a rehearing process in response to such First District Court of Appeal pronouncements as are found in Acosta Roofing Company v. Gillyard, 402 So.2d 1321 (Fla. 1st DCA 1981), and Dade American Hospital Supply v. Perez, 417 So.2d 296 (Fla. 1st DCA 1982). Though time for filing appeal is not tolled by the filing of a motion for rehearing, subdivision (b) specifically invites use of a deputy’s power to vacate as a means of affording the parties additional time for processing a motion for rehearing where circumstances warrant. This flexible process was deemed preferable to the tolling of the appellate filing period in every case of motion for rehearing.
Subdivision (b) codifies the long established practice in workers’ compensation litigation: A deputy commissioner retains jurisdiction over an order that has not yet become final. The rule implicitly adopts the majority view in Drexel Properties, Inc. v. Brown, 443 So.2d 150 (Fla. 1st DCA 1983), giving the deputy commissioner wide latitude in determining whether to amend or vacate an order.
1996 Amendment. Subdivisions (b), (c), and (d) were moved to new rule 4.115, Orders. New subdivision (c) was added.
2000 Amendment. The time for serving a motion for rehearing has been shortened to 10 days to bring the workers’ compensation procedure more in line with the civil rules. The responsibility has been shifted to the judge of compensation claims as to the manner in which the motions are to be addressed.
RULE 4.142. AGREEMENTS OR STIPULATIONS
(a) Scope. Agreements or stipulations not involving settlements under section 440.20(11), Florida Statutes, shall comply with this rule.
(b) Generally. No agreement or stipulation shall be enforceable unless it is:
(1) in writing and signed by the parties or their attorney; or
(2) dictated on the record; or
(3) in the case of a settlement agreement resulting from a conference pursuant founder section 440.191(2)(c), Florida Statutes, approved in writing by the docketin-ga judge.
(c) Form. All agreements or stipulations submitted to a judge for approval and entry of an order shall include a detailed statement of the issues in dispute and how the issues were resolved, including a description of the benefits provided.
(d) Reliance. Any agreement or stipulation under this rule may be expressly *878 relied on by the judge in any proceeding, unless a party seeks to be relieved of the agreement or stipulation for good cause shown.
(e) Abrogation. The judge may abrogate any stipulation that appears to be manifestly contrary to the evidence on due notice to the parties; however, the judge need not inquire beyond the stipulation or agreement.
Committee Notes
1996 Adoption. This replaces and clarifies rule 4.130. Subdivision (c) requires that an order approving an agreement or stipulation under this rule also include a detailed statement of the issues, their resolution, and the benefits to be provided as reflected in the agreement or stipulation.
2000 Amendment. The word “or” was added following the word “attorney” at the conclusion of subdivision (b)(1) to clearly indicate that agreements or stipulations may be made under this rule using any one of the three alternative provisions noted. In other words, the three subdivisions of the rule are to be read disjunctively. An agreement or stipulation reached under the first alternative need not be approved by a judge to be binding. An agreement or stipulation also is binding if it is dictated on the record. Again, specific approval by a judge is not required. The third alternative involves cases in which an agreement has been reached during an EAO conference held under section 440.191(2)(c), Florida Statutes, and the agreement has been submitted to a judge. The agreement or stipulation is binding when it is approved in writing by a .judge.
RULE 4.143. SETTLEMENT UNDER SECTION 440.20(11), FLORIDA STATUTES
(a)Scope. This rule applies in any proceeding in which the parties undertake to compromise or release any class of benefits pursuant-founder section 440.20(11), Florida Statutes.
(b) Uniform Stipulation Forms. The parties shall submit their agreement in writing executed by all attorneys of record and the employee. The parties will use the standard forms published by the Office of the Judges of Compensation Claims, or the equivalent, when submitting an agreement.
(c) General Release Language Prohibited. Joint petition and stipulation documents shall not purport to settle matters outside the subject matter jurisdiction of the judge of compensation claims and may include only accidents and injuries disclosed to the judge.
(d) Required Documents. A joint petition seeking the approval of a lump-sum settlement under section 440.20(11), Florida Statutes, shall be filed with the judge’s office along-with;
(1)a stipulation using the standard forms published by the Office of the Judges of Compensation Claims, or the equivalent, signed by the claimant, all attorneys of record, unrepresented parties, or representatives of the employer/carrier;
(2) an affidavit of the claimant in which the claimant shall acknowledge the agreement and its material provisions under oath in writing or before the judge, unless all relevant information is incorporated in the verified stipulation;
(3) a maximum medical improvement report, documentation of the permanent impairment rating, information concerning the need for future medical care, and other essential medical information;
(4) any other evidence in the possession of the parties and their attorneys that is material to the consideration and disposition of the settlement;
*879 (5) a notice letter to the employer as required under section 440.20(ll)(b), Florida Statutes;
(6) an attorney-fee data sheet;
(7) an attorney’s affidavit seeking approval of an attorney fee and specifying the statutory factors forming the basis for a variance, if the requested fee exceeds the statutory guidelines under sections 440.34(l)(a)-(l)(h), Florida Statutes; and
(8) the notice(s) of denial and the report to the chief judge for settlements under section 440.20(ll)(a), Florida Statutes.
(4e) Orders. The order of the judge approving or disapproving the proposed settlement shall set forth findings of fact and conclusions of law to support the approval or disapproval of the proposed settlement, and may be in the form provided in these rules.
Committee Notes
1996 Adoption. This rule replaces rule 4.131 because of the 1993 amendments to washout settlements under section 440.20(11), Florida Statutes. The intent of the rule is to codify and provide statewide uniformity as to washout settlement practice. The accompanying forms are substantially those presently in general use.
2000 Amendment. Subdivision (c) was added to prohibit the practice of including agreements to settle non-workers’ compensation matters, or entitlement to benefits for industrial accidents not disclosed in the settlement agreement, in the joint petition and stipulation forms submitted under this rule. Separate agreements between the parties as to non-workers’ compensation matters should be summarized in the settlement agreement for informational purposes under subdivision (d)(4) of this rule.
RULE 4.144. PAYMENT OF ATTORNEY FEES AND COSTS
(a) Generally. On written request for hearing, the judge shall hear any claim for attorney fees and taxable costs in the manner provided for a hearing on a petition.
(b) Payment of Undisputed Attorney Fees and Costs by Claimant.
(1) The claimant and his or her attorney may jointly move for the judge to approve the payment of an attorney fee and reimbursement of costs pursuant to a contract of representation by a stipulated motion substantially in the form provided by these rules.
(2) The claimant may waive a formal hearing before the judge and the judge may consider the motion ex parte based on verified pleadings.
(3) No motion for attorney fees shall be granted by the judge unless it appears affirmatively that the provisions of these rules and of chapter 440, Florida Statutes, have been substantially complied with and that the employee has been advised as to those provisions.
(c) Payment of Undisputed Attorney Fees and Costs by Employer/Carrier/Servicing Agent. The employee and the employer/carrier/servicing agent may stipulate to the payment of attorney fees and costs and submit the stipulation for the judge’s approval pursuant founder rule 44454.142.
(d) Payment of Disputed Attorney Fees and Costs.
(1) Any claim for attorney fees shall allege the statutory basis for the claim and may be subject to a pretrial hearing under these rules. However, if entitlement to attorney fees or costs has been adjudicated or stipulated, no pretrial hearing shall be held unless ordered by the judge.
*880 (2) Unless otherwise ordered at the pretrial hearing, the verified petition shall be served on all parties 30 days before the scheduled fee hearing and shall include:
(A)a statement of the facts relied upon in support of the petition pursuant' founder section 440.34, Florida Statutes, including an opinion as to a reasonable fee amount;
(B)the statutory and legal basis relied upon in support of the petition;
(C) except for hearings to determine the value of appellate services, a recitation of all benefits secured for the claimant through the attorney’s efforts, including projected future benefits reduced to present value;
(D) a detailed chronological listing of all time devoted to the claim; and
(E) a detailed list of all taxable costs advanced or incurred.
(e) Service of Response. Within 20 days after the verified petition is served, the opposing party or parties shall respond to the petition and shall include a recitation of all matters controverted in the verified petition.
(f) Bifurcation. If both entitlement and the amount of the fee are contested, the hearing may be bifurcated.
(g) Evidence on Amount. With the agreement of the parties, testimony as to the amount of the fee may be submitted in affidavit form. Otherwise, such testimony must be presented by deposition or at the fee hearing as provided in rule 4.085.
Committee Notes
1996 Adoption. This rule replaces subdivisions (b) and (c) of rules 4.061 and 4.062, and codifies and standardizes the procedure for adjudication of disputed attorney-fee matters.
2000 Amendment. This change correctly identifies the appropriate rule to employ when submitting a stipulation on the payment of attorneys’ fees and costs.
RULE 4.310. MANDATORY MEDIATION
(a) Initial Mandatory Mediation. Except as hereinafter -provided in this rule, an initial mandatory mediation conference is required to be held concerning every petition filed under section 440.192, Florida Statutes, that survives dismissal after review by a docketing judge under section 440.45(3), Florida Statutes, or a motion to dismiss filed under section 440.192(5), Florida Statutes.
(b) Notice and Date of Mandatory Mediation Conference.
(1) Within 7 days after a petition is filed under section 440.192, Florida Statutes, but in no event more than 7 days from the presiding judge’s receipt of the petition that survives a dismissal, the judge, or the mediator if the judge so designates, shall notify all interested parties of the date, time, and location of the initial mandatory mediation conference. The notice may be served personally or by mail upon the interested parties.
(2) The mediation conference shall be held within 21 days after a petition is filed under section 440.192, Florida Statutes, but if continued or rescheduled-as-hereinafter — provided, it shall be held and completed no later than 10 days before any scheduled pretrial hearing.
(c) Waiver of Initial Mandatory Mediation Conference. A mandatory mediation conference may be waived only by order of the chief judge after the filing with the presiding judge of a motion to waive the initial mandatory mediation conference no later than 3 days before the scheduled conference.
(d) Mediator. The initial mandatory mediation conference required to be held *881 under section 440.25(1), Florida Statutes, shall be conducted by a mediator or adjunct mediator employed by the chief judge under section 440.25(3), Florida Statutes, except when the parties have stipulated under rule 4.350 to substitute a mediator who is not appointed by the chief judge.
(e) Mediator’s Report. Within 10 days following the conclusion of the mediation conference, the mediator shall file a written report with the presiding judge as to whether any of the issues in dispute are resolved. If an impasse was declared the mediator shall so report without comment or recommendation. If the parties reach an agreement, it shall be filed with the presiding judge in accordance with rule 4.142.
Committee Notes
1996 Adoption. This rule codifies the procedure for mandatory mediation required by section 440.25, Florida Statutes, for every petition for benefits.
Subdivision (c) also permits filing the motion to waive with the presiding judge who shall then forward the motion to the chief judge for consideration.
Subdivision (d) contemplates that the mandatory mediation shall be conducted by the mediator or adjunct mediator employed by the chief judge under section 440.25(3), Florida Statutes, without charge to the parties. Any substitution of the mediator requires approval by the presiding judge.
2000 Amendment. Subdivision (d) was amended to permit the parties to stipulate to a private mediation conference and the use of a private mediator in place of the initial mandatory mediation conference with a state or adjunct mediator appointed by the chief judge.
RULE 4.370. CONCLUSION OF MEDIATION
(a) Impasse. The mediator shall have sole discretion to terminate or suspend mediation if at the mediation conference the parties have reached an impasse or the matter is not appropriate for further mediation. It is the duty of the mediator to timely determine when mediation is no longer helpful or viable and that an impasse exists, or that mediation should end. The mediator shall, within 10 days of the conclusion of the mediation conference, file a report with the presiding judge reflecting the lack of agreement without comment or recommendation.
(b) Mediation Agreement.
(1) If a mutually acceptable and voluntary total or partial agreement is reached, it shall be reduced to writing and signed by the parties or their attorneys,-or dictated on the record before a judge of compensation claims, or electronically or steno-graphically recorded and transcribed.
(2) The agreement shall be a stipulation pursuantr-tounder rule 4.142 and shall be filed with the presiding judge.
(3) Any agreement or stipulation under this rule may be expressly relied on by the judge of compensation claims in any proceedings, unless a party seeks to be relieved of the agreement or stipulation for good cause shown. The judge of compensation claims may abrogate any stipulation that appears to be manifestly contrary to law on due notice to the parties. However,- the judge of compensation claims need not inquire beyond the stipulation or agreement and may enter an order approving the mediation agreement.
(c) Enforcement of Agreement. In the event of any breach or failure to perform under a mediation agreement, enforcement shall proceed in accordance with section 440.24, Florida Statutes.
*882 (d) Agreement to Enter into Section 440.20(11), Florida Statutes, Settlement. Any mediation agreement compromising or releasing prospective benefits to the employee of any class of benefits pursuant to section 440.20(11), Florida Statutes, shall not be approved or become binding until after the parties have first complied with rule 4.143 and the requirements of section 440.20(11), Florida Statutes.
Committee Notes
2000 Amendment. Subdivision (b)(1) was amended to allow an attorney to sign an agreement instead of the party signing it. The amendment makes the rule similar to rule 4.142(b)(1), which pertains to other agreements or stipulations.
FORM 4.902. ATTORNEY’S CERTIFICATE OF SERVICE OF EX PARTE ORDER
Certificate of Service
I certify that a copy of the attached order was furnished to the following parties and counsel of record by.(method of delivery) . this .day of r 19_on.(date).
(Names and addresses of parties and counsel served, or if correctly shown in caption of order, then: “The parties and counsel as shown in the caption of the attached order.”)
Attorney for employee
.(address).
.(telephone number).
Florida Bar No.
Committee Notes
1988 Adoption. This form is intended for use with orders approving attorney contracts of representation under rule 4.061.
FORM 4.904. ORDER APPROVING CONTRACT OF REPRESENTATION AND DIRECTING PAYMENT OF BENEFITS
[For caption and style of pleadings see form 4.901]
ORDER APPROVING CONTRACT OF REPRESENTATION AND DIRECTING PAYMENT OF BENEFITS
The motion to approve the contract of representation having come before the undersigned ex parte, and having reviewed the contract of representation entered into between the attorney for the employee and the employee providing for the retention of certain monies in trust and requesting that the employer/carrier make payment of benefits to the attorney for the employee on behalf of the employee; it is
ORDERED AND ADJUDGED:
1. The contract of representation is approved and jurisdiction is reserved to enforce, modify, or rescind the contract of representation on the motion of any party or counsel. Further, any attorney fees payable to the attorney for the employee shall constitute a lien against the employee’s benefits.
2. The attorney for the employee is directed to serve a copy of this order on the employer, its carrier (or servicing agent), and counsel of record (if any) in the manner provided in Florida Rule of Workers’ Compensation Procedure 4.023.
3. The employer and its carrier (servicing agent) shall pay all benefits due to the employee in care of the attorney for the employee and include the name of the attorney for the employee as an additional payee on any check or draft.
4. The attorney for the employee may retain monies paid by the employee in *883 trust subject to the final determination by the judge of compensation claims of the entitlement to the amount of attorney fees.
DONE AND ORDERED in Chambers,
Judge of Compensation Claims
I CERTIFY that the--foregolngthis order was entered and a true copy served by mail or by hand delivery on the attorney for the employee at the address written above on ■, 19=.(date).
Assistant to the
Judge of Compensation Claims
Committee Notes
1988 Adoption. The inclusion of this form is not intended to limit the discretion of the deputy commissioner in approving attorney-client agreements nor to imply that such approval is necessary.
FORM 4.905. MOTION FOR EX PARTE PAYMENT OF ATTORNEY FEES AND COSTS
[For caption and style of pleadings see form 4.901]
MOTION FOR EX PARTE PAYMENT OF ATTORNEY FEES AND COSTS
The employee and the attorney for the employee stipulate to the payment of attorney fees and costs and jointly move for the entry of an order for the payment of the fees and costs, and in support hereof of this motion state:
1. The employee and the attorney for the employee have heretofore entered into a contract of representation which has been approved by the judge of compensation claims at the joint request of the employee and the attorney for the employee.
2. Pursuant toUnder the contract of representation, the attorney has obtained the payment and/or the provision of benefits to the employee as follows: COMPENSATION:
[[Image here]]
3.The attorney for the employee represents that the attorney has expended the following professional time on behalf of the *884 employee with respect to this workers’ compensation claim:-hours.
4. Based on the benefits obtained and the guidelines set forth in chapter 440, Florida Statutes, the attorney for the employee is entitled to reasonable attorney fees of $_
5. The employee acknowledges the receipt of these benefits through the efforts of the attorney and waives a FORMAL HEARING before the judge of compensation claims to determine the amount of the fees and the attorney’s entitlement thereto.
6. The attorney represents to the judge of compensation claims that the attorney has obtained these aforesaid benefits for the employee. The attorney further states that the attorney has retained in trust, to secure the payment of fees pursu-aat-tounder the contract of representation, the sum of $_
7. The attorney represents that the following reimbursable costs have been advanced on behalf of the employee and the employee agrees that these costs should be reimbursed to the attorney from the monies held in trust:
(amount) (description of cost)
(amount) (description of cost)
8. To the extent any monies have been paid or are to be paid in trust to the attorney pursuant founder the contract of representation, the employee requests that those monies be released from trust to the extent fees and costs are awarded and paid to the attorney.
9. The undersigned attorney certifies that no attorney fee has been paid by the employer/carrier for the benefits referenced in this motion and if a fee is paid by the employer/carrier on the same benefits in the future, the fee approved in this document shall be refunded to the employee.
WHEREFORE, the. employee and the attorney for the employee jointly move for the entry of an order granting the motion.
ATTORNEY FOR EMPLOYEE
.(address).
.(telephone number).
Florida Bar No.
EMPLOYEE
STATE OF FLORIDA COUNTY OF.
The foregoing eesfraetmotion was acknowledged before me by .(name of employee/claimant). , who identified this instrument as (name of instrument)., who signed the instrument willingly, and who is Personally Known_OR Produced
Identification___
Type of Identification Produced_
(Signature of Notary Public — State of Florida)
(Print, Type, or Stamp Commissioned Name of Notary Public)
Committee Notes
1996 Amendment. Editorial changes.
*885 2000 Amendment. Subdivision 9 was added to ensure that, if a fee is received in the future by the attorney for the employee from the employer/carrier, the fee provided for in this motion would be reimbursed to the employee.
FORM 4.906. ORDER APPROVING ATTORNEY FEES AND COSTS
[For caption and style of pleadings see form 4.901]
ORDER FOR EX PARTE ATTORNEY FEES AND COSTS
The motion for ex parte attorney fees and costs having been considered and granted ex parte, I find:
1. The employee and the attorney for the employee have heretofore entered into a contract of representation.
2. Attorney fees and reimbursable costs are due to the attorney for benefits obtained within the provisions of the Florida Rules of Workers’ Compensation Procedure and chapter 440, Florida Statutes. As it appears from the pleadings that those provisions have been substantially complied with, it is:
ORDERED AND ADJUDGED:
A. The attorney fees and costs are approved as set forth in the motion.
B. The attorney may withdraw from trust sufficient sums to pay the fees and costs awarded to the attorney herebyby this order.
C. The attorney is directed to comply with the applicable laws and provisions of the Rules Regulating The Florida Bar as they relate to trust accounting.
DONE AND ORDERED in Chambers,
Judge of Compensation Claims
I CERTIFY that the foregoingthis order was entered and a true copy served on the parties and counsel by mail or by hand
delivery this , day-of 19 .on.(date).
Assistant to the Judge of Compensation Claims
Committee Notes
1996 Amendment. Editorial changes. FORM 4.907. ORDER ON MOTION TO WITHDRAW AS COUNSEL
' [For caption and style of pleadings see form 4.901]
ORDER ON MOTION TO WITHDRAW ' AS COUNSEL
This claim having come before the undersigned on the motion of the attorney for the employee to withdraw as attorney of record in this proceeding and it appearing that good and sufficient grounds are shown in the motion for granting the motion; it is
ORDERED AND ADJUDGED:
1. Any party in interest may object in writing filed with the judge of compensation claims within 30 days of the date hereof this order.
2. In the absence of such objection, the motion is GRANTED and jurisdiction is reserved as to any lien for attorney fees and costs heretof&r-epreviously approved.
DONE AND ORDERED in Chambers,
Judge of Compensation Claims
I CERTIFY that the foregoingthis order was entered and a copy served on the parties and counsel by mail or by hand delivery this.day-of— , 19_on .(date).
Assistant to the Judge of Compensation Claims
Committed Notes
1996 Amendment. Editorial changes.
*886 FORM 1,9075, PETITIQN-FQI4BENE-FITS
(a) Petition-for Benefits for Accidents Occurring on or before December 31, 1993
PETITION-FOR BENEFITS FOR ACCIDENTS OCCU-R-R-I-NC ON OR BEFORE-DECEMBER 31, 1993
■Under — the-Florida Workers’ Compensation Law
Florida Department of Labor and-Employment Security
Division of Workers’ Compensation
For Assistance Call 1-800-342-1741 COMPLETE ALL APPLICABLE SECTIONS ..BEFORE-F-I-EIN-G TWO COPIES WITH THE DIVISION
SECT-ION-^A: INJURED EMPLOYEE INFORMATION— (-I-f-eecupafeie-nal-disease or prolonged exposurej-use-the last date of injurious exposure, or the date-disability began as Date -of Accident. Only one accident date may be addressed per petition form.)
[[Image here]]
SECTION B: PETITIONER INFORMATION — Complete-onl-y—if-differenL-from—injured employee information,
[[Image here]]
SEGTION-Gi EMPLOYER INFORMATION.
[[Image here]]
*887 [[Image here]]
[[Image here]]
SECTION E: PESGRIPTION-QF-INJ-I-JR-Y.-
[[Image here]]
SECTION F: DESCRIPTION OF JOB, WORK-RESPONSIBILITIES, AND THE WORK BEING PERFORM-E-D — W-H-E-N-INJURY OCCURRED.
[[Image here]]
S-EOT-I-ON — Q:—PETIT-ION—F-OR-BENE-FITS. The above-named — (circle one)-(injured — employee),—(surviving—spouse,children)), — (parents;—brothers,—sisters-); (medical provider), (or other affected party) petitions the judge of compensation c-laims-for-an-erder-requiring--the-employer/carrier/servicing-agent- ■ (-E/C) - (E/SAj-to provide the following benefits: * * ^SPECIAL NOTE: If the injured-employee seeks-medical- benefits -only; so indicate. If the petition is for death benefits under - section — 410.16, Florida — Statutes, items 1 through 4 of this section should be disregsrded.
This petition is for medical — beneflts-only .(yes or no).-
L — Jurisdiction, The-judge-has jurisdiction over the parties and the-subject matter of this petition.
2= — Employee Assistance and Ombudsman Qffice-(-EAO)-unable-to-resolve-d-i-spu-te7 The-subjec-t-matter-of-this-petitio-n-was presented-to-the — E AO-created — under section--440:1-9-1--Florida — Statutesr-in—a for Assistance was - dated./■/ -.- Despite these efforts, the - matters -were not-resolved-for one of the following reasons:
*888 = (A} The informal-dispute resolution process-has-been concluded,
= (B) The EAO- has-considered the matter- and waived further action,
= (G) The parties were-unable to resolve the- dispute-within-gQ days after the request for assistance-was-made to the EAO,
= (B) The-peti-fion includes a-claim-for-medical benefits and the employer--has-elected-to provide such benefits — under a managed care plan and-is.exempte-from — EAQ consideration,
= (E) The dispute-is-sabject to the terms of a collective bargaining-agreement between the petitioner-and the employer and'is-exemptefrom EAO consideration under section 440-2.14_glorida Statutes.
S, — Maximum-medical-improvement (MMI). The-injured-employee (has) (has not)-reaefaed-M-MI. According to Doctor -- — ;—MMI was reached on ,1Q
4 — Character—of—disability. The (injury) (injuries-) — occasioned by the events described-above-(-has) (have) adversely affected the injured employee’s capacity to earn in the same or any other employment-the — wages—that—he or she was receiving at the ■time-ofthe-injury-Spe-cificalty, the injury prevents the injured employee from: (Briefly describe below how the ■ injury -or - occupational disease limits or prevents.the-injured employee from earning wages equal-to the^ preinjury-wagesT) _
& — Benefits claimed due and not provid-cd,-The--(employer-)-(-E/G)-(-iVgAj)-(-has-) (have) failed to provide the following benefits — which—are—in-default—and—are presently ripe, due, and-owmg^-(-Gheefa appropriate items.)
= (A}(4) Temporary- - total-disability — benelts-from .... to .. at a compensation-rate-of--, — per-week.
= (2) Temporary-total-disability-benefits, under section 4d0.15(2)(b), Florida StatuteS'fl-Qygl-or-flQQO-l-fcircle-appropriate-date-lrjroni-the-date of the accident to . — .(Notto-exceed-6-months.-)
Temporary-partial-disabiliiy-benefits from_ to at a compensation rate of $ ■ per week.
= (Q Impairment benefits due under section 440,15(3)(a),-Florida-Statutes-(-l-97-9)-or (1990).$.
= m The-permanent impairment due to the injury is % of the whole body under the (AMA) (Minnesota) (Division) Guides.
= (2) These benefits are based on:-
- — ■ (a)-Permanent — impairment—dae—to—the—tetri—less—of—ase—of ■...-.(.hodypart-affooted),
■— (b) - Permanent- impairment-due-to-ampatation of........ (body part amputated after July 1,1990).
= (c) -Permanent-im-pair-men-t-due to the loss of 80% vision of either eye after-eorreetiear
— (d) Serious- facial-injury-or-head-disfigurement.
==(©) Wage-loss benefits payable under section 440.15(3)(b), Florida Statutes (1979) or-(-l-990)- from.to_at a rate of $ per week. .If.„the-petitioner — had-ear-nings-dari-H-g the foregoing period of time, attach a list of the earnings on a biweekly basis or -attach wage-loss -request-forms.
*889 = (E) -Permanent-total — disability—nnder-seG-tion-440.15(l), Florida Statutes, from to the -present- and continuing at a rate of —per--week.
These benefits are in default and are presently -ripe, due, and owing. = (F) Death-benefits payable under-.section 440.16, Florida Statutes.
= (6) Correction of AWW and resulting-compensation-rate.-Basis:
= (H) Medical-expenses -incurred for treatment of the employee’s-i-nj-u-ry-as-provided under section 440.13(2), Florida Statutes. -The-employee has specifically requested-the payment-of the charges, but the (employer)-(-E/C) (E/SA) (has) (have) failed, refused, or -noglee-ted-to-do -so within a reasonable time. The following-medical-charges -have-not been paid (for numerous-unpaid-charges, a schedule in the following format may be attached):
[[Image here]]
= (I) -Remediai-or-pal-Iiative- care-under the-supervision of - doctor(s): _
The employee has previously specifically requested the treatment, but the (employer) (E/C) (-E/SA)-(-ha-s-)-(-have)-failed-,-refused-,-or-neglected-to-provide-the treatment within a reasonable-timer
(1) The-injured employee seeks _
(Type-or-nature-of-med-ical-treatment-sought). (2) The treatment is needed because _
(Justification for-suoh-medioal-treatmon-iA
= (J) Medical-ly-necessary (professional) ■ (nonprofessional)-attenda-nt^care-(-p9rformed-) (to be performed) at the direction of a physician. The employee has previously specifically requested the attendant care, but the (employer) (E/CX-E/SAM-has-) (have) failed, refused, or neglected to provide the care-within -a- -reasonable-timer
*890 (4) The injured-employee seeks-
(Type-or-nature of medically necessary attendant care-sought-)-
(Justification for such-attendant care).-
^(K) Transportation and/or mileage costs $—
= (L) Rehabilitative -temporary total compensation under section 440.491(6)(b), Florida Statutes, from tn .at a. rate of $ .. per week. In support thereof, the injured employee further states as-follows;
= (I) The employee-ha-s-reached M-M-I-
= (2) As-authorized under section-440.491(6)(a), -Florida Statutes, the division has approved the--injured employee for-training and education-to-obfaim suitable gainful employment and is receiving-suchrtraining and education-;
= (3) (Optional) In addition-to-the temporary total-compensation referenced above, the injured enaployee-also required temporary-residence at or near the facility or institution(s)-providing training - and education which is located more than-50- miles away from -the employee’s customary residence.
^=(M) Attorney-fees and costs under-sec-tion- 440.34(3)(a)B(3)(d-)-, Florida Statutes. The statutory basis-for-the-fee-fe
^=(N) Statutory penalties and interest
(1) Statutory- penalty on past-due-indemnity benefits. $ ..
(2) Statutory interest on-all-past-due benefits. $ -
SECTION H: TOTAL DENIAL OF COMPENSABILITY OR OTHER ISSUE NOT REFERENCED ABOVE-
The employer/carrier/servicing agent has denied the-compensability of the ol-aua. t-H
Give-a-spee-ifie-esplanation of -a-ny-other issues the judge should-consider-i-n connection with the benefits-claimed in this petitiom-that-were not referenced above-c§
SECTION I: CERTIFICATE.QF-PE-TÍ-TIONER-Q-R PETITIONER’S ATTORNEY (SECTION- -440492(4), FLORIDA gc&AT-U-T-E-g-)-AN©-PETITIONER’S ATTESTATION (SECTION — 440405(7)7 FLORIDA STATUTES).
T; .-f-pr-int-er type name of petitioner) or )))))))))))))))(print or-type name of-petitioner’s attorney) hereby-eer-tify-that-a good-faith effort was made-te resolve-the dispute and--that -(he)-(-she)-avas unable to resolve-the dispute with the employer/carrier/servicin-g — a-genh—In accordance with-section-440.192(l), Florida Statutes, a copy -of-this petition for benefits-has been served by certified — mail on the injured worker-s-employer and the employer’s carrier-,-and-the original and-one-copy on-the-Division of Workers’- Compensation In-Tallahassee on. — ,—19 The petitioner further-attests that ■ (he) -(she)4ias reviewed, understands,-and- acknowledges the following notice: Any person — who? knowingly and with- intent- to injure, defraud — or deceive any-employer or employee-insurance compaña-or-self-insured pro-
*891 gram-files a statement of claim-containing any false or misleading information is guilty of--a-felony of the third degree.
Signature of Petitioner
Signature of Attorney for-Petitioner
. (address).
-.-(telephone-mmbe-r-)-
Florlda-Bar-N-o-
THE ORIGINAL AND ONE COPY OF THIS PETITION MUST BE FILED WITH:
■BNision-of-Wor-kers^- ■ Compensation
2728 Centerview-Dr-.-;--Suite 220, Forrest Building
Tallabassee — F-L-32399-0685
(b-)-Petition-for-Bene£its for Accidents Occurring on or after January 1, 4994
PETITION FOR BENEFITS FOR A-CCI-D-E-N-TS-OCCURRING ON QR-AFTER JANUARY 1, 1994
U-nder-the Florida- Workers’ Compensation-Law Florida Department of Labor and Employment -Security
Division of Workers’ Compensation
■F-or-Assistance- Call - -1-800-342-1741-
COMPLETE ALL APPL-I-CABDECSEC--T-IQNS-BEFQRE-F-ILING TWO- COPIES WITH THE DIVISION
SECTION A: INJURED — E-MPLQY-E-E -I--NFURrMATIO-N---(-If--occupational-disease injurious exposure,-or the date disability began as Date of Accident. Only one accident date may be addressed per- petition forro,-)
[[Image here]]
*892 [[Image here]]
SECTION E-: DESCRIPTION OF INJU-RW
4 -Locatiomwhere injury-occurred: County - Gity_ State_
4 Detailed description-of-inj-u-ry and cause.-
Av What-part-of your body was- -injured?
Bt Briefly describe what-caused- the injury. For example, were you struck by- some object?- -Did — you—fall? Did you-strain-yourself? Were you-exposed-to-some toxic substance-oi-some job-related -disease?
SECTION F: DESCRIPTION-Q-F-^DB, WORK-RESPONSIBILITIES;-AND THE WORK BEING.PERFORMED WHEN INJURY OCCURRED-
4 — Job description-
2, — Wor-k-responsibilities
3. ■ -Descr-ip-ti-on-of- work being performed when-i-nj-ury occurred_
SECTION Q: --P-E-T-I-T-I-QN FOR BENE-FI-TS--The above-named (circle-one) — (Injured — employee);—(surviving—spouse; children)), (parents-, — brothers,—sisters), (medical -provider), (or other affected-party) petitions the judge of compensation claims for-an-order requiring the employer/carrier/servM-n-g agent (E/C) (E/SA)-to provide the following benefits: * * "’SPECIAL NOTE: If the.injured employee seeks medical benefits only, so indicate* If-the^petition is for death-benefits under — section—440.16,—Florida—Statutes, items 1 through-4 of this section should be-disregarded?
This petition is for- medical-benefits only . (yaa-or-wo)
*893 i — Jurisdiction. ■The-judge-has-jur-isdietion over the-par-ties-and the subject matter of this petition-.-
2, — Employee Assistance -and- Ombudsman Office (EAO) unable-to-resolve- dispute. The subject matter of this petition was presented -to the EAO created under see4ion-440.-l-91-j -Florida Statutes, in a goed-faith-effort-to-resolve the disagreements-between-the parties. The Request for Assistance was-dated — ■/ -/ -. Despite these efforts, the matters were-not- resolved for one of-the-following-reasons:
= (A) Thedn-formal-dispute-resolution-process-has-been- concluded,
= (B) The -EAQ-has -cons-idered-the -matter-a-nd-waived further action,
= (G) The parties were-unable-to resolve -the dispute within 30 days after the request for assistance was made to the EAO,
= (D) The petition includes a claim for medical benefits and the employer-has-elected-to provide such benefits under a managed care plan and- is -exempt-from EAO consideration?
^=(E) The dispute is subject to the terms of a collective bargaining-agreement between the petitioner and the employer and is exempt from EAO consideration-under section 440^1-1 — Florida^gtatutes;
St — Maximum-medical-improvement (MMI). The injured employee (has) (has not) reached MMI. According-to-Doetor ., — MMI was — reached—en
4 — Character of disability. The (injury) scEibed-above-(has)-(-have)-adversely af-feeted-the-injured employee’s-capacity to earn in the same or any -other-employment the wages that he or she was receiving at the-time-of-the-injury;-Specifically, -the injury prevents the injured employee from: (Briefly describe below — how—the—injury- or - occupational disease limits or prevents the injured employee from earning wages equal to the pre-injury wages.) _
—Benefits claimed due and not-provided; The--(Employer).(E/C).(E/SA) (has) (have) failed to provide the following benefits that are in default and are presently- ripe? - due¡ -and- owing.- (Check- appropriate items.)
= (A}(i) Temporary total disability benefits from tr> at. a. compensation rate of $...per week-
= (2) Temporary total disability benefits under sectioB-44QA5(2)(b), Florida Statutes?-from. to . . at-a-compensation-rate of $....
= (B) Tempora-ry^partial-disabiht-sMbenefits from_ to at a compensation rate of $ per week.
= (G> Impairment -income benefits-due -under section-44Q.-15(3)(a)y-Florida-gtatutes7 from to _at a compensation rate of $.-.-These benefits-are-based-on an- impairment-rating-of . , — ^-of-the whole body as determined under section 4d0.15(3)(a)2, Florida Statutes.
*894 = (©} Supplemental benefits payable under section-440.15(3)(b), Florida Statutes? — tn ...Jhp.sa henefits-a,re-baaed on the following-;
(1) An impairment rating of 20% or ■ more as determined under — section 44015(3)(a)2, Florida-Statutes?
(2) The-faet-that the-injured employee hasnot-retumed to work, or has-Returned to-work earning les&--than-80% of his-or-her average weekly wage;-a-nd
, (3) The^ injured employee-has-,-in good faith-attempted to obtain employment commensurate with his or her ability to work.
= (£!) Permanent total disability-benefits under-section-440.15(l), Florida Statutes, from . tA-th e-present and continuing at a. rate of $_■ .-^-per week. These benefits are in default and are presently ripe,--duer-and-owing-7
= ££) Death benefits payable under section-440.16, Florida-Statutes.
— ¿G) Correction of- -AWW— and-resulting compensation rate. Basis: -
^=(H) Medical-expenses incurred for treatment of the employee^ injury as provided under section-440.13(2), Florida Statutes. The employee has specifically requested -the- paymen-t-of- the charges^-but-the (employer) (E/C) (E/SA)-(-has-) (have) failed, refused;-or-neglected to do so-witbin-a reasonable time.-The following medical charges-have-not-been paid (for-numerous-aa-paid charges; a schedule in the following format-may be attached):-
[[Image here]]
^=(1) Remedial-or-pal-liative care under the supervision ■of-doGtor(-s);
The employee has-previously--specifically-requested the treatment, but fhe-(einployer) (E/C) (E/SA) (has) (have)-failed — refused, or neglected to provide-the-treatment-within a reasonable time
*895 (4) The injured employee- seeks ■_ (Type or nature of medical treatment sought).
(2) The treatment is needed because _ (Justification for such medical treatment).
^=(J) Medically-aaecessary-^professional)■(■nonprofessional) attendant care (performed) (to be performed) at the direction-of--a---physician. The employee has previously specifically requestedr-the-attendant- care" but the (employer) (E/C) (E/SA) (has) (have) failed, refused, or neglected to provide the care within a reasonable time. The-injured-employee- seeks-(describe type or-nature ■ of medically necessary attendant-care-sought) ■_ JastiBcatio-n-for-such-attendant care.
= (K) Transportation and/or-mileage, costs $
= 4L) Rehabilitative temporary-total- compensation under-seetion--440.491(6)(b), Florida Statutes, from . to at, a rate -of-$- per wreak — T-n support thereof, the injured employee-further states as follows:
=== (4) The employee has reaehed-M-ML
= 42) As-authorized under section 440.491(6)(a-)¡-Florida-Statutes, the division has approved the injured empleyee-fer-training and-education to obtain-suitable gainful employment and ise?eeemng-such-training and education.
= 43) (Optional)-In-addi-tion-to the temporary total condensation-referenced above, the injured employee also required temporary^-residence at-or near the facility or instifution(s).providing-training and education-which--is-located more than 50 mi-les-away~from the employee’s customary-residence-.-
= 4M) Attorney-fees and costs under section 440.34(3)(a)B(3)(d),-Florida Statutes. The statutery-basis-for the - fee is:
= (N) Statutory penalties and interest:
44) Statutory penalty oM-past-dMe-inde'm-nlt.y-benefit,s.- $ -
42) Statutory interest aTreal-tpas-t-di-ie-hariafits.- $.
SECTION H: TOTAL DENIAL-QF-COMPENSABILITY OR OTHER ISSUE-N-Q-T-RE-F-■ERENCED ABOVE.
= 4t The employer/carrier/servicin-g-agent-has-deH-ied-the-compensability- of the claim.
2t Give a specific explanation of-any-other-issues -the-judge should consider in connection -with the benefits claimed in this-petition-4hat--were-not-referenced above.
SECTION I:-C-E-RT-I-F-ICATE OF PETITIONER OR PETITIONERS--ATTORNEY (SECTION 140.192(4),-FLORIDA STATUTES)-AND. PETITIONER’S ATTESTATION — (SECTION 440.105(7), FLORIDA STATUTES).
I, . . (print or type name-el-petitioner)-or ....-'--(print- or-type -name of petitioner’s attorney) hereby certify that a-geed-faifh-effort-wa-s-made-to-resolve-the dispute-and-that-(-he)-(-she)-was-unable-to- *896 resolve the dispute with the employer/carrier/servicing agent. In accordance with section 440.192(1-) — Florida Statutes, a copy of.-this- ■petition for.benefits has ■ been served by-certified mail — on the injured worker’s employer and tile-employer’s carrier, and-the-or-iginal and-o-ne copy on the Division of Workers’ Compensation in Tallahassee on .. .19 . The petitioner further attests- that (he) (she) has reviewed, understands, and acknowledges — the following notice;- Any person who, knowingly and with intent to injurey defraud,- or deceive any employer or employee, insurance-company, or self-insured program,-files-a-statement-of — claim containing-any false or misleading information is--guilty- of a felony of the third degree.
Signature of Petitioner
Signature of-Attorney for Petitioner
.(address).
■■■.--.-.-(-telephone number).
Florida-Bar No.
THE-QRIGINAL AND ONE-GQP-Y QF-T-HIS PETITION MUST BE FILED WI-T-H4
Division of Workers’ Compensation-2728 Centerview Dr., Suite 220, Forrest Building Tallahassee, FL 32399-0685
[NOTE: Because the prior form 4.9075 has been stricken in its entirety, the following is a replacement for form 4.9075. Due to the complexity of the formatting, this new form has not been indicated by underlining.]
Form 4.9075. PETITION FOR BENEFITS
□ UNREPRESENTED
DWC CASE#_
DOCKETING ORDER TO BE COMPLETED BY DOCKETING JUDGE ONLY
( ) Petition is consistent with all statutory requirements and is referred to the appropriate judge of compensation claims for further review and consideration.
( ) Petition fails to specifically identify or itemize the information required under F.S. 440.192(2)(a), (b), (c), (d), (e), (f), (g), (h), (i), (j), or,-and is dismissed without prejudice with leave to amend within 30 days from the date of this order.
( ) Petitioner has failed to exhaust the procedures for informal dispute resolution under F.S. 440.191(2) before filing the petition and the petition is dismissed without prejudice.
( ) Petition failed to include a certification by the petitioner or the petitioner’s attorney indicating a good faith effort to resolve the dispute as required under F.S. 440.192(4) and the petition is dismissed without prejudice with leave to amend within 80 days from the date of this order.
( ) Other _
Docketing Judge
The above docketing order was entered and a copy furnished by U.S. mail to the parties, on their attorneys as indicated below, at their addresses listed below on this _day of_, —
*897 PETITION FOR BENEFITS (Rev. 8/98) AMENDED FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY DIVISION OF WORKERS’ COMPENSATION EAO/PETITION TEAM — P. 0. BOX 8000 — TALLAHASSEE, FL 32314-8000 FOR ASSISTANCE CALL 1-800-342-1741
[[Image here]]
I. Jurisdiction: The judge has jurisdiction over the parties and the subject matter of this petition.
II. It is certified that: The subject matter of this petition was presented to the EAO created under section 440.191, Florida Statutes, in a good-faith effort to resolve the disagreements between the parties. The request for assistance was dated ._, __Despite these efforts, the matters were not resolved. Managed care grievance procedures, if required, have been exhausted under Section 440.192(3), Florida Statutes.
III. Character of disability. The injury/injuries occasioned by the events described above, has/have adversely affected the injured employee’s capacity to earn in the same or any other employment the wages that the employee was receiving at the time of the injury. Specifically, the injury prevents the injured employee from:
IV. The above-named injured employee petitions the Judge of Compensation Claims for an order requiring the employer/carrier/servicing agent to provide the following benefits claimed due, ripe and owing but not provided:
*898 _Temporary Total Disability benefits from_to _at a compensation rate of $_per week.
_Temporary Partial Disability benefits from _to _ at a compensation rate of $_per week.
_. For accidents prior to 1994, impairment benefits due under Section 440.15(3)(a), Florida Statutes (1979) $_The permanent impairment due to the injury is _% of the whole body. These benefits are based on:
_Permanent Impairment due to the total loss of use of_(body part affected).
_Permanent Impairment due to amputation of_(body part amputated after July 1,1990).
_Permanent Impairment due to the loss of 80% vision of either eye after correction.
_Serious facial injury or head disfigurement.
_ For accidents prior to 1994, Wage-loss benefits payable under Section 440.15(3)(b), Florida Statutes from_ to_at a rate of $_per week. If the petitioner had earnings during the foregoing period of time, attach a list of the earnings on a biweekly basis or attach wage-loss request forms.
__Impairment benefits due under Section 440.15(3)(a)3, Florida Statutes (1994) $-
_Supplemental benefits due under Section 440.15(3)(b), Florida Statutes (1994) $-
_ Permanent Total Disability benefits under Section 440.15(1), Florida Statutes, from_to the present and continuing at a rate of $_per week. _Death benefits payable under Section 440.16, Florida Statutes.
_ Correction of AWW and resulting Compensation Rate due to _
_Medical Expenses incurred for treatment of the employee’s injury as provided under Section 440.13(2), Florida Statutes. The employee has specifically requested the payment of the charges, but the employer/carrier has failed, refused, or neglected to do so within a reasonable time. The following medical charges have not been paid (for numerous unpaid charges, a list may be attached): _
___ Medical care under the supervision of doctor(s): _
The employee has previously requested the treatment, but the employer/carrier has failed, refused, or neglected to provide the treatment within a reasonable time.
'_ The injured employee seeks
_(Type of treatment)medical treatment.
_ The treatment is needed because
_ Medically necessary (professional) (nonprofessional) attendant care as per the direction of a physician. The employee has previously specifically requested the attendant care, but the employer/carrier has failed, refused, or neglected to provide the care within a reasonable time. The injured employee seeks attendant care because
_ Reimbursement of mileage to and from medical care providers in the amount of $_ (see attached mileage statement).
___ Rehabilitative Temporary Total Compensation under Section 440.491(6) (b), Florida Statutes, from_to_ at a rate of $_per week.
_Interest and Penalties on unpaid benefits
*899 _ Costs and attorney’s fees from E/C under Section 440.34(3) (a)X(d), Florida Statutes.
___ Reimbursement of prescription bills in the amount of $_(see attached).
_The employer/carrier/servicing agent has denied the compensability of the accident or injury.
_Other issue(s) not referenced above:
The employee/petitioner, or the employee’s/petitioner’s attorney, hereby certify that a good-faith effort was made to resolve the dispute and was unable to resolve the dispute with the employer/carrier/servicing agent. In accordance with Section 440.192(1), Florida Statutes, a copy of this petition for benefits has been served by certified mail on the injured worker’s employer and the employer’s carrier, and the original on the Division of Workers’ Compensation in Tallahassee on_A copy of this petition has also been served on the attorney for the employee/carrier, if known. The employee/petitioner further attests that (he) (she) has reviewed, understands, and acknowledges the following notice: ANY PERSON WHO, KNOWINGLY AND WITH INTENT TO INJURE, DEFRAUD OR DECEIVE ANY EMPLOYER, OR EMPLOYEE, INSURANCE COMPANY OR SELF-INSURED PROGRAM, FILES A STATEMENT OF CLAIM CONTAINING ANY FALSE OR MISLEADING INFORMATION, COMMITS INSURANCE FRAUD, PUNISHABLE AS PROVIDED IN SECTION 817.234, FLORIDA STATUTES.
Signature of Employee/Petitioner: _ -,-Date:_
Signature of Attorney:_ _Date:_
Florida Bar No_
Committee Notes
2000 Amendment. The two petition forms were combined into one for the benefit of the practitioner. The form has been significantly shortened for the same reason. The docketing order was incorporated into the petition to eliminate the need for a separate order, anticipating that this will speed up this step of the administrative process.
Form 4.908. NOTICE OF HEARING, OTHER THAN FINAL HEARING AND PRETRIAL CONFERENCE
[For caption and style of pleadings see form 4.901]
NOTICE OF HEARING TO THÉ PARTIES, IF UNREPRESENTED, AND COUNSEL ADDRESSED:
A hearing will be held in the above case at:
.(LOCATION OF HEARING).
at _ o’clock _ .m. on , -19 — .(date).
SUBJECT OF THE HEARING:
*900 .(MATTERS TO BE CONSIDERED)..'...
The parties should arrange for all witnesses to appear promptly at the aforesaid time and place. The right is reserved to take such action as the law permits should either party fail to appear.
I CERTIFY that the ■ foregoingthis notice of hearing was served by mail or by hand delivery on the parties, if unrepresented, and counsel at the addresses written above on . — - 19_.(date).
Assistant to the Judge of Compensation Claims
FORM 4.9085. NOTICE OF MEDIATION CONFERENCE AND ORDER
[For caption and style of pleadings see form 4.901.]
NOTICE OF MEDIATION CONFERENCE AND ORDER
In accordance with section 440.25(1), Florida Statutes, 1994, and Florida Rules of Workers’ Compensation Procedure 4.300-4.380, a mediation conference will be held before_, Mediator, at.(location of hearing).in the above case on:
DATE:
TIME:
1.THE FOLLOWING PEOPLE MUST ATTEND THE MEDIATION CONFERENCE:
A. petitioner;
B. claims representative of the carrier/servicing agent, who must have full authority to settle the issues for which a petition was filed;
C. employer, if uninsured;
D. insured or self-insured employer, if the carrier/servicing agent does not have full authority to settle the issues for which the petition was filed; and
E.attorneys for the parties.
2. The appearance of an attorney for a party does not dispense with the required attendance of the parties themselves.
3. No party may appear at the mediation conference by telephone unless such appearance is approved in advance by the mediator.
4. A party’s failure to attend the mediation conference without good cause shown or appearance without full authority to resolve the issues may subject the party to sanctions such as the judge of compensation claims shall deem appropriate and may include certification for contempt, dismissal of the petition, striking of defenses, and imposition of costs and attorney fees.
5. If the issues in dispute are not resolved within 10 days of the commencement of the mediation conference, the mediator will so notify the judge of compensation claims, and a pretrial hearing will be scheduled, with at least 7 days’ advance notice of the date, time, and place of the pretrial being mailed to the parties.
DONE AND ORDERED in Chambers,
Judge of Compensation Claims
I CERTIFY that the foregoing Notice of Mediation Conference and Order was served by mail or by hand delivery on the parties, if unrepresented, and counsel at the address written above on . 19..(date).
Assistant to the Judge of Compensation Claims
*901 FORM 4.909. NOTICE OF FINAL HEARING AND PRETRIAL CONFERENCE
[This form should be used for final merit hearings. Section 440.25(4)(a), Florida Statutes, mandates a pretrial hearing in all cases.]
[For caption and style of pleadings see form 4.901]
NOTICE OF FINAL HEARING AND PRETRIAL CONFERENCE TO THE PARTIES, IF UNREPRESENTED, AND COUNSEL ADDRESSED:
As authorized under section 440.25(4), Florida Statutes, and Florida Rules of Workers’ Compensation Procedure 4.045 and 4.085, a pretrial hearing and a trial (final hearing) will be held in this claim. If the total benefits claimed in the petition are $5,000 or less, the claim is subject to the expedited dispute resolution process of section 440.25(4)©, Florida Statutes. To receive expedited resolution, either party must submit an application for expedited hearing within 15 days of the date of this notice. Expedited dispute resolution is available for claims over $5,000 if all parties submit a joint application within 15 days of the date of this notice.
The pretrial hearing will be held in this claim at: at __M. on - — ¡—19 —.(date).
The final hearing will be held in this claim at: at _ _M. on =====-T -19^-..(date).
SUBJECT OF THE PRETRIAL HEARING AND THE FINAL HEARING:
Please note the following important instructions.
a. Notice of trial (final hearing) and pretrial proceedings. Pursuant to the for-egoingthese notices, a trial (final hearing) and a pretrial proceeding will be held in this claim.
b. Pretrial questionnaire and procedure for waiver of pretrial hearing. A pretrial questionnaire as set forth in Florida Rule of Workers’ Compensation Procedure 4.910 must be completed, filed, and served on all appropriate parties on or before the date of the pretrial hearing noticed herein. A live pretrial hearing may be waived only if all parties are represented by counsel or by express permission of the judge of compensation claims. In the event of such a waiver, the pretrial questionnaire must be completed and filed with the judge of compensation claims on or before the date of the pretrial hearing noticed herein.
c. Telephone pretrial hearings. If a live pretrial hearing is required, a telephone hearing can be held if the party requesting the telephone hearing makes prior arrangements with the office of the judge of compensation claims.
d. Pretrial hearing. The parties must file composites of the medical reports of all authorized physicians at the pretrial hearing or 30 days before the final hearing. All witnesses must be identified at the pretrial hearing or 30 days before the final hearing.
*902 e. Witnesses, documentary evidence, and sanctions for non-compliance. No witnesses will be heard at a pretrial hearing. However, all documentary evidence including medical bills and reports in the possession of the parties must be available at any pretrial hearing. Failure to comply in good faith with the pretrial procedure shall result in sanctions as provided under Florida Rule of Workers’ Compensation Procedure 4.150.
f. Final hearing, witnesses, and subpoenas. At the final hearing, the parties must arrange to have all witnesses present to promptly testify at the time and place noticed above. Subpoenas will be issued on request of the parties or their counsel.
g. Subpoenaed witnesses — failure to appear, sanctions. If any party or legally subpoenaed witness fails to appear at the time and place set for this hearing, sanctions under rule 4.150 may be imposed or punitive actions authorized under section 440.38, Florida Statutes, may be instigated.
DONE AND ORDERED in Chambers,
Judge of Compensation Claims
I CERTIFY that a copy of the-fore-goingthis notice was mailed or delivered to the above-named parties on _^ 19 ....(date).
Assistant to the Judge of Compensation Claims
THIS IS THE ONLY NOTICE OF HEARING AND PRETRIAL CONFERENCE YOU WILL RECEIVE.
FORM 4.9091. APPLICATION FOR EXPEDITED HEARING
[For caption and style of pleadings, see form 4.901.]
APPLICATION FOR EXPEDITED HEARING PURSUANT TO SECTION 440.25(4)0'), FLORIDA STATUTES
The (claimant) (employer/carrier/servie-ing agent) (applies) (apply) for an expedited hearing pursuant to section 440.25(4)0), Florida Statutes, and show(s) the court as follows:
1. A petition for benefits is properly pending before this court, having been filed on_A copy is attached and made a part of this application.
2. This cause previously has been the subject of a mediation conference, having been mediated by the _ on-, more than 10 days before the filing of this application.
3. The issues in controversy have a value of $5,000 or less, excluding costs or attorney fees, and are composed of the following elements:
A. Past medical charges in issue:
(i) - $-
(ii) - $-
(iii) - $-
Total: $-
B. Compensation in issue:
(i) TTD/TPD:_to__ $-
(ii) W/L:_to_ $-
Total: $-
C. Other (excluding costs and attorney fees):
(i) - $-
*903 (ii) - - $.-
Total: $-
D. Total amount in controversy: $--
4. The issues presented in this cause are proper for expedited hearing under section 440.25(4)Q), Florida Statutes.
5. The opposing party (has) (has not) been contacted and (does) (does not) agree to an expedited hearing.
6. If the amount in controversy exceeds $5,000 and the parties agree to expedited dispute resolution under section 440.25(4)(j), Florida Statutes, both parties, or their counsel, must sign this application.
Wherefore, (Tthe claimant) (Tthe employer/carrier/ servicing agent) (Bfeoth parties) (applies) (apply) for an expedited hearing in this cause.
Attorney for the claimant
I H-E-REBY CERTIFY that the original of this application was filed with the Office of the Judge of Compensation Claims in __,_County, Florida, by regular mail on , 1-9= .(date) ., and that copies were mailed to the parties and their attorneys.
Attorney for Applicant
.(address).
.(telephone number)
Florida Bar No.
FORM 4.9092. NOTICE OF EXPEDITED HEARING AND ORDER
[For caption and style of pleadings, see form 4.901.]
NOTICE OF EXPEDITED HEARING AND ORDER
TO THE PARTIES, IF UNREPRESENTED, AND COUNSEL ADDRESSED:
As authorized under section 440.25(4)(j), Florida Statutes, and Florida Rule of Workers’ Compensation Procedure 4.105, an expedited hearing will be held in this matter.
Attorney for the E/C/SA
The final hearing will be held in this claim at _ , _ County, Florida.
Date of Final Hearing: _
Filing Date For Pretrial Outline: _
Please note the following important instructions:
a. Notice of final hearing. Pursuant toUnder the.foregoingthis notice, a final hearing will be held in this matter.
b. Pretrial outline. Pur-suant toUnder the foregoingthis notice, a pretrial outline shall be filed with the judge and a copy served on the opposing party. There shall be attached to the pretrial outline a composite that shall include the following:
1. Statement of the facts. The statement shall include references to the specific pages in the deposition testimony of witnesses as well as a suggestion of the expected testimony of those witnesses who will be called to testify at the hearing.
2. Memorandum of law. The memorandum shall include relevant case citations as well as copies of the cases cited.
*904 3. Attachments. A complete composite of the records of the medical advisor appointed by the judge or the division, any IME physicians, and any other authorized providers shall be attached. There shall also be attached any depositions or other documentary items on which a party will rely to establish the case. The pages of the composite shall be numbered and the composite shall be preceded by an abstract referencing and synthesizing those portions of the records on which the filing party relies. No additional records, depositions, or documentary evidence will be admitted at the time of the hearing.
c. Final hearing, witnesses, and subpoenas. At the final hearing, the parties must arrange to have all witnesses present or available to testify at the time and place noticed above. The final hearing will not exceed 30 minutes in length. The employer/carrier may be represented by an adjuster or other qualified representative. Subpoenas will be issued on request of the parties or their counsel.
d. Subpoenaed witnesses — failure to appear, sanctions. If any party or legally subpoenaed witness fails to appear at the time and place set for this hearing, sanctions under rule 4.150 may be imposed or punitive actions authorized under sections 440.32 and 440.33, Florida Statutes, may be initiated.
EMPLOYEE:
.(name).
.(address).
CLAIMANT:
.(name).
.(address).
EMPLOYER:
e.All previously scheduled final hearings and pretrial hearings are canceled.
DONE AND ORDERED in Chambers,
Judge of Compensation Claims
THIS IS TO CERTIFY that the above order was entered in the office of the judge of compensation claims and a copy was served by U.S. Mail on each party and counsel at the addresses listed above on ..■, 19 — .(date).
Assistant to the Judge of Compensation Claims
THIS IS THE ONLY NOTICE OF EXPEDITED HEARING YOU WILL RECEIVE.
FORM 4.910. UNIFORM PRETRIAL STIPULATION AND PRETRIAL COMPLIANCE QUESTIONNAIRE
(a) Form for Pretrial Stipulation and Pretrial Compliance Questionnaire.
STATE OF FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY OFFICE OF THE JUDGE OF COMPENSATION CLAIMS DISTRICT .(district number) .
ATTORNEY FOR EMPLOYEE:
.(name).
.(address).
ATTORNEY FOR CLAIMANT:
.(name).
.(address).
ATTORNEY FOR EMPLOYER/CARRIER:
*905 (name). .(name).
(address). .(address).
CARRIER (SERVICING AGENT): CLAIM NUMBER:
(name) DATE OF ACCIDENT:
COMMENT: Refer to rule 4.020(v) for the definition of petitioner/claimant.
UNIFORM PRETRIAL STIPULATION AND PRETRIAL COMPLIANCE •QUESTIONNAIRE
As authorized under Florida Rule of Workers’ Compensation Procedure 4.045, and as ordered by the judge of compensation claims, the parties hereby provide the following information and make the following stipulations:
I.STIPULATIONS
1. Date of accident(s):
Employee Claimant:_
E/C/SA: _
2. Place of accident(s) (or, if agreed, county/venue):
-EmployeeClaimant: _
E/C/SA: _
3. Final hearing scheduled: Mediation Date:
Date: _
Time: _
Place: _
4. Employer/employee relationship on date of accident:
E/C/SA: (circle one) yes no
5. Workers’ compensation insurance coverage in effect on date of accident: E/C/SA: (circle one) yes no
6. Accident or occupational disease accepted as compensable:
E/C/SA: (circle one) yes no
7. Injuries or conditions accepted as com-pensable:
E/C/SA: (circle one) yes no
8. Timely notice of accident, injury, or occupational disease: EmployeeClaimant (date notice given):_
E/C/SA: (circle one) yes no
9. Timely notice of pretrial and final hearing:
EmployeeClaimant: (circle one) yes no
E/C/SA: (circle one) yes no
10. Jurisdiction of judge of compensation claims over the subject matter and parties:
EmployeeClaimant: (circle one) yes no
E/C/SA: (circle one) yes no
11. Average weekly wage (AWW):
Employee Claimant:_
(a) Base wage_
(b) Fringe benefits_
(c) Total_
(d) Compensation rate_
(e) 80% of AWW_
(f) Concurrent earnings_
E/C/SA:
(a) Base wage__
(b) Fringe benefits_
(c) Total___
(d) Compensation rate_
(e) 80% of AWW_
(f) Concurrent earnings_
NOTE: If there is a dispute as to the AWW, each party shall attach copies of all relevant records, and the E/C/SA within 5 working days from the date of this stipulation should submit a wage statement. If there is a dispute as to the concurrent earnings, the claimant shall attach copies of all relevant records and submit a wage *906 statement within 5 working days from the date of this stipulation.
12. Date(s) notice(s) to controvertof denial filed:
EmployeeClaimant: date:_
date:___.
date:_
E/C/SA:
date:_
date:_:_
date:_
13. Maximum medical improvement, if reached, giving date, name of physician, and impairment rating: EmployeeClaimant: date:_
doctor:_
rating:_____
E/C/SA:
date:._,
doctor:_
rating:__
14. If medical benefits under section 440.13, Florida Statutes, are determined to be due or stipulated due heremin this document, the parties agree that the exact amounts payable to health care providers will be handled administratively and medical bills need not be placed into evidence at trial.
EmployeeClaimant: (circle one) yes no
E/C/SA:(circle one) yes no
15. Medical treatment authorized: _
16.Classification and periods of time for which benefits were paid: _
17. Date claim/petition for benefits filed with division:
EmployeeClaimant:_
E/C/SA: (circle one) yes no
18. Attorney fees. Evidence as to amount by (circle one):
EmployeeClaimant: affidavit hearing
E/C/SA: affidavit hearing
NOTE: If the amount is to be determined at a hearing, under rule 4.144 the verified petition for fees must be Sedserved 30 days before the hearing and the reply must be füeáserved within 20 days before the heaEngthereafter.
19.Other Stipulations: _
II. CLAIMS AND DEFENSES
1. EmployeeClaimant: List each type, period, provider, and amount of benefits or other issues to be tried at the final hearing (TTD), TPD, or WAGE LOSS claimed to (date) _
2. Employer/Carrier/Servicing Agent: List each defense or other issue to be tried at the final hearing: _
NOTE: THE JUDGE OF COMPENSATION CLAIMS RESERVES THE RIGHT TO IMPOSE SANCTIONS FOR FAILURE TO SPECIFICALLY ANSWER THE FOREGQINGTHIS STIPULATION IN GOOD FAITH. A REFERENCE TO ANOTHER PLEADING OR TO A GENERAL CLASS OF BENEFITS IS INSUFFICIENT. ANY ISSUES NOT SPECIFICALLY RAISED IN THIS SECTION WILL BE DEEMED WAIVED OR ABANDONED UNLESS GOOD CAUSE IS SHOWN.
*907 III. WITNESSES AND EVIDENCE
1. List witnesses to testify live, by telephone, or by deposition. Final witness lists and medical composites must be served on opposing parties and filed with the judge no later than ___ days before the final hearing. Depositions should be filed (check one)_at the time of the final hearing or_days before the final hearing.
Attach additional pages as necessary to list all witnesses.
[[Image here]]
2. Attach copies of all documentary evidence (including medical and rehabilitation reports and bills) to be used at the final hearing if not previously furnished *908 to opposing party or counsel. If previously furnished, identify the documentary evidence to be introduced at the final hearing in a separate schedule attached to this complianceform. Each party must indicate any documents NOT stipulated into evidence without sworn proof. Documentary Evidence Listed Below:
[[Image here]]
3.Estimated time of final hearing. Note: judge of compensation claims normally allots__ hours for a routine hearing.
EmployeeClaimant: _ E/C/SA: __ Total estimated time:_
THE OFFICE OF THE JUDGE OF COMPENSATION CLAIMS MUST BE NOTIFIED BY TELEPHONE OR BY SEPARATE LETTER IMMEDIATELY IF THE FINAL HEARING WILL REQUIRE MORE THAN ;_. HOUR(S).
4. Does either party request additional mediation? (circle one)
EmployeeClaimant: yes no E/C/SA: yes no
5. Does either party agree to provide a court reporter? (circle one)
EmployeeClaimant: yes no E/C/SA: yes no
Name of court reporter:
IV. ATTORNEYS’ CERTIFICATE AND MOTION
We certify that we have personally discussed the pretrial stipulations and the issues raised by the petition and have been unable to resolve the issues.
Pursuant — toUnder section 440.29(4), Florida Statutes, we, .(names)., move into evidence all medical reports of authorized physicians exchanged teat the time of the pretrial hearing or served on opposing counsel at least 30 days before the final hearing.
EmployeeClaimant _ Date: _
_Date:_
*909 Attorney for EmployeeCIaimant
.(address).
.(telephone number).
Florida Bar No.
Employer/Carrier/Servicing Agent_ Date:_
Attorney for Employer/Carrier/Servicing Agent_ Date:_
.(address).
.(telephone number).
Florida Bar No.
NOTE: CERTIFICATION OF SERVICE. If the completed stipulation is hand delivered, mailed, or delivered by facsimile machine, a certificate of service to the parties as provided for under Florida Rule of Workers’ Compensation Procedure 4.030(c) should be completed before filing. If the following optional order approving the stipulation is used, the certificate of service will be signed by and mailed, hand delivered, or delivered by facsimile machine by the assistant to the judge of compensation claims.
V. PRETRIAL ORDER (optional)
i — If done by-mail-it-is-the responsibility- of-the-claimant’s counsel to see that a single pretrial questie-nnaire-iS'-completed and-executed by all counsel and filed with the judge before the-time noticed for the pretrial hearing; otherwise,-personal-appearance by all counsel is mandatory-Attendance' is mandatory in all-eases-i-f-the elaimant-is-unrepresented'.
21. All depositions that are to be considered by the judge and received into evidence must be filed
_days before the final hearing or
_at the time of the final hearing,
unless waived by the judge.
32. UpeOn the motion of one or more parties, all medical reports of authorized physicians exchanged at the time of the pretrial hearing or served on opposing counsel at least 30 days before the final hearing and filed with the judge accordingly are admitted into evidence. All such medical composites shall be tabulated and indexed. The parties are urged to provide the judge with a single composite.
43. The above stipulations of the parties are accepted and approved by the undersigned.
54. The final hearing is hereby scheduled as noted above.
DONE AND ORDERED in (city) _ , (county) _ , Florida, on .... (date).
Judge of Compensation Claims
I CERTIFY that a copy of the fore-goingthis stipulation was mailed, hand delivered, or delivered by facsimile machine to the above-named parties and counsel on , 19.=..(date).
Assistant to the Judge of Compensation Claims
(b) Form for Supplemental Stipulations and Final Witness List.
*910 STATE OF FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY OFFICE OF THE JUDGE OF COMPENSATION CLAIMS DISTRICT .(district number) .
EMPLOYEE:
.(name).
.(address).
CLAIMANT:
[If other than Employee]
.(name).
...... (address).
EMPLOYER:
.(name).
.(address).
CARRIER (SERVICING AGENT):
.(name).
.(address).
SUPPLEMENTAL STIPULATIONS AND FINAL WITNESS LISTS
The pretrial stipulation and pretrial questionnaire is hereby supplemented as follows:
ATTORNEY FOR EMPLOYEE:
.(name).
.(address).
ATTORNEY FOR CLAIMANT:
.(name).
.(address).
ATTORNEY FOR EMPLOYER/CARRIER:
.(name).
.(address).
CLAIM NUMBER:
DATE OF ACCIDENT:
I. STIPULATIONS
1. _ 2. _
II. WITNESSES AND EVIDENCE
1. The following additional witnesses will testify live, by telephone, or by deposition (check one only):
[[Image here]]
*911 [[Image here]]
2. Additional Documentary Evidence Listed Below:
[[Image here]]
*912 [[Image here]]
NOTE: CERTIFICATION OF SERVICE. If the completed stipulation is hand delivered, mailed, or delivered by facsimile machine, a certificate of service to the parties as provided for under Florida Rules of Workers’ Compensation Procedure 4.030(c) should be completed before filing. If the following optional order approving the stipulation is used, the certificate of service will be signed by and mailed, hand delivered, or delivered by facsimile machine by the assistant to the judge of compensation claims.
ORDER (optional)
The above pretrial stipulation and pretrial compliance questionnaire is hereby approved and accepted.
DONE AND ORDERED in (city) _, (county) _, Florida, on .'.... (date).
Judge of Compensation Claims
I CERTIFY that a copy of the fore-goingthis stipulation was mailed, hand delivered, or delivered by facsimile machine to the above-named parties and counsel on ..r49=7.(date).
Assistant to the Judge of Compensation Claims
Committee Notes
2000 Amendment. Brings the pretrial form into compliance with the relevant rules of procedure.
FORM 4.911. ORDERS APPROVING SETTLEMENT OF PROSPECTIVE BENEFITS
(a) Settlements Pursuant — toUnder Sections 440.20(ll)(a) and (c), Florida Statutes.
[For caption and style of pleadings, see Form 4.901.]
ORDER FOR RELEASE FROM LIABILITY FOR ALL WORKERS’ COMPENSATION BENEFITS PURSUANT TOUNDER SECTION 440.20(ll)(a) (1994), FLORIDA STATUTES
*913 The parties jointly petition for an order approving a stipulation for settlement under section 440.20(ll)(a), Florida Statutes. Following review of the contents of the stipulation and supporting evidence, including the sworn statement of the employee (petitioner/claimant) incorporated into the stipulation, the following findings are made:
1. All requirements of section 440.20(ll)(a), Florida Statutes, and Florida Rule of Workers’ Compensation Procedure 4.143 have been complied with.
2. The employee (petitioner/claimant) fully understands the terms, conditions, consideration for, and consequences of the proposed settlement.
3. The employer/carrier/servicing agent filed a written notice of denial within 120 days after the date of the injury.
4. The payment of attorney fees as set forth in the joint petition and stipulation for settlement is supported by the evidence and is in compliance with the requirements of chapter 440, Florida Statutes.
5. The proposed settlement is not in excess of the value of benefits the employee would be entitled to receive under chapter 440, Florida Statutes.
6. There is a bona fide justifiable controversy as to the legal and medical com-pensability of the claimed injury or alleged accident.
7. The proposed settlement will definitely aid in the rehabilitation of the employee or otherwise is clearly in the best interests of all parties.
8. These findings are limited to matters included within the jurisdiction of the Judge of Compensation Claims under chapter 440, Florida Statutes. The undersigned Judge of Compensation Claims makes no findings regarding the legal sufficiency or reasonableness of any other matters that may be included in the stipulation in support of the Joint Petition in this case.
IT IS ORDERED AND ADJUDGED:
A. The joint petition and supporting stipulation for settlement are approved and the parties are ordered to comply with the provisions thereofof those documents.
B. On payment of the consideration set forth in the joint petition and supporting stipulation for settlement, the liability of the employer and its carrier (servicing agent) for the payment or provision of any class of benefits including medical benefits payable under the Florida Workers’ Compensation Law because of the alleged industrial accident and injury refereneedred to in this order herein is hereby fully and forever discharged and released.
C. This order shall not be subject to modification or review under section 440.28, Florida Statutes.
DONE AND ORDERED in Chambers,
Judge of Compensation Claims
THIS IS TO CERTIFY that the above order was entered in the office of the Judge of Compensation Claims and a copy was served by U.S. Mail on each party and counsel at the addresses listed above on ., 19=7.(date).
Assistant to the Judge of Compensation Claims
(b) Settlements Pursuant — teUnder Section 440.20(ll)(b), Florida Statutes (1994).
*914 [For caption and style of pleadings, see forra 4.901.]
ORDER FOR RELEASE FROM LIABILITY FOR PAYMENTS OF WORKERS’ COMPENSATION PURSUANT — T-OUNDER SECTION 440.20(ll)(b), FLORIDA STATUTES (1994)
The parties jointly petition for an order approving a stipulation for settlement under section 440.20(ll)(b), Florida Statutes. On review of the contents of the stipulation and supporting evidence submitted- in support — thereof, including the sworn statement of the employee (petitioner/claimant) incorporated into the stipulation, the following findings are made:
1. All requirements of section 440.20(ll)(b), Florida Statutes, and Florida Rule of Workers’ Compensation Procedure 4.143 have been complied with.
2. The employee (petitioner/claimant) fully understands the terms, conditions, consideration for, and consequences of the proposed settlement.
3. The employer has adequate notice of these proceedings.
4. The injured employee has attained maximum medical improvement.
5. The payment of attorney fees as set forth in the joint petition and stipulation for settlement is supported by the evidence and is in compliance with the requirements of chapter 440, Florida Statutes.
6. The proposed settlement is not in excess of the value of benefits the employee would be entitled to receive under chapter 440, Florida Statutes.
7. The proposed settlement definitely will aid in the rehabilitation of the injured employee or otherwise is clearly in the best interests of all parties.
8.These findings are limited to matters included within the jurisdiction of the Judge of Compensation Claims under chapter 440, Florida Statutes. The undersigned Judge of Compensation Claims makes no findings regarding the legal sufficiency or reasonableness of any other matters that may be included in the stipulation in support of the Joint Petition in this case.
IT IS ORDERED AND ADJUDGED:
A. The stipulation in support of the joint petition for settlement is approved and the parties are ordered to comply with theits provisions thereof.
B. On payment of the consideration set forth in the joint petition and supporting stipulation for settlement, the liability of the employer and its carrier (servicing agent) for the payment or provision of any class of benefits including medical benefits payable under the Florida Workers’ Compensation Law because of the alleged industrial accident and injury refereneedred to in this order herein is hereby fully and forever discharged and released.
C. This order shall not be subject to modification or review under section 440.28, Florida Statutes.
DONE AND ORDERED in Chambers,
Judge of Compensation Claims
THIS IS TO CERTIFY that the above order was entered in the office of the Judge of Compensation Claims and a copy was served by U.S. Mail on each party and counsel at the addresses listed above on ..._, 19=r.(date).
Assistant to the Judge of Compensation Claims
(c) Settlements Pursuant — toUnder Section 440.20(ll)(b), Florida Statutes (1994), in which Right to Future Medical Benefits Is Left Open.
*915 [For caption and style of pleadings, see form 4.901.]
ORDER FOR RELEASE FROM LIABILITY FOR PAYMENTS OF WORKERS’ COMPENSATION gURg-UA-NT- TOUNDER SECTION 440.20(11)09, FLORIDA STATUTES (1994) RIGHT TO FUTURE MEDICAL BENEFITS LEFT OPEN
The parties jointly petition for an order approving a stipulation or settlement under section 440.20(ll)(b), Florida Statutes. On review of the contents of the stipulation and supporting evidence submitted in support thereof, including the sworn statement of the employee (petitioner/claimant) incorporated into the stipulation, the following findings are made:
1. All requirements of section 440.20(ll)(b), Florida Statutes, and Florida Rule of Workers’ Compensation Procedure 4.143 have been complied with.
2. The employee (petitioner/claimant) fully understands the terms, conditions, consideration for, and consequences of the proposed settlement.
3. The employer has adequate notice of these proceedings.
4. The injured employee has attained maximum medical improvement.
5. The payment of attorney fees as set forth in the joint petition and stipulation for settlement is supported by the evidence and is in compliance with the requirements of chapter 440, Florida Statutes.
6. The proposed settlement is not in excess of the value of benefits the employee would be entitled to receive under chapter 440, Florida Statutes.
7. The proposed settlement definitely will aid in the rehabilitation of the injured employee or otherwise is clearly in the best interests of all parties.
8.These findings are limited to matters included within the jurisdiction of the Judge of Compensation Claims under chapter 440, Florida Statutes. The undersigned Judge of Compensation Claims makes no findings regarding the legal sufficiency or reasonableness of any other matters that may be included in the stipulation in support of the Joint Petition in this case.
IT IS ORDERED AND ADJUDGED:
A. Approval. The stipulation in support of the joint petition for settlement is approved, and the parties are ordered to comply with theits provisions thereof.
B. Release. On payment of the consideration set forth in the joint petition and supporting stipulation for settlement, the liability of the employer and its carrier (servicing agent) for the payment or provision of any class of benefits except medical benefits payable under the Florida Workers’ Compensation Law because of the alleged industrial accident and injury refer-eneedred to in this order herein is hereby fully and forever discharged and released. (Complete only one of the following two paragraphs; strike through the one that is not applicable.)
C. Limited Liability for Medical Benefits. The employer and its carrier (servicing agent) shall remain responsible for medical benefits due the employee on account of the industrial injury for__ (months) (years) from the date of this order, after which the liability of the employer/(carrier)/(servicing agent) for any further medical benefits shall be fully and forever discharged and released without further order.
OR
C. Continuing Liability for Medical Benefits. The responsibility of the employ *916 er and its carrier (or servicing agent) for future medical expenses remains as it now is for the time and in the manner provided by law.
D. Modification. This order shall not be subject to modification or review under section 440.28, Florida Statutes.
DONE AND ORDERED in Chambers,
Judge of Compensation Claims
THIS IS TO CERTIFY that the above order was entered in the office of the Judge of Compensation Claims and a copy was served by U.S. Mail on.each party and counsel at the addresses listed above on , 19..(date).
Assistant to the Judge of Compensation Claims
(d) Settlements Pursuant — teUnder Sections 440.20(ll)(b) and (c), Florida Statutes (1994), in which Right to Compensation Benefits Has Been Settled Previously.
' [For caption and style of pleadings, see form 4.901]
ORDER FOR RELEASE FROM LIABILITY FOR MEDICAL BENEFITS PAYABLE UNDER SECTION 440.13, FLORIDA STATUTES, AS AUTHORIZED BY SECTIONS 440.20(ll)(b) and (c), FLORIDA STATUTES (1994)
The parties jointly petition for an order approving a stipulation for settlement under sections 440.20(ll)(b) and (c), Florida Statutes (1994), which permit settlement of all claims not previously settled regardless of the date of accident. On_(date), an order was entered in this cause releasing the employer/carrier/servicing agent from any further liability for indemnity benefits payable on account of disability; however, as required by the law in effect at the time, the employer/carrier/servicing agent continued to be liable to provide medical benefits to the injured employee. For promised additional consideration as set forth in the stipulation in support of the joint petition, the parties have now agreed to settle the employee’s (petitioner’s/claimant’s) right to receive any further medical benefits under the Florida Workers’ Compensation Law. On review of the contents of the stipulation and supporting evidence submitted in support-there-o-f, including the sworn statement of the employee (petitioner/claimant) incorporated into the stipulation, the following findings are made:
1. All requirements of section 440.20(ll)(b), Florida Statutes, and Florida Rule of Workers’ Compensation Procedure 4.143 have been complied with.
2. The employee (petitioner/claimant) fully understands the terms, conditions, consideration for, and consequences of the proposed settlement of future medical benefits.
3. The employer has adequate notice of these proceedings.
4. The injured employee has attained maximum medical improvement.
5. The additional consideration paid by the employer/carrier/servicing agent is adequate and reasonable to compensate the injured employee for releasing his or her right to future medical benefits and definitely will aid in the rehabilitation of the injured employee or otherwise is clearly in the best interests of all parties.
6. The proposed settlement is not in excess of the value of benefits the employee would be entitled to receive under chapter 440, Florida Statutes.
7. The payment of attorney fees as set forth in the joint petition stipulation for settlement is supported by the evidence *917 and is in compliance with the requirements of chapter 440, Florida Statutes.
8. These findings are limited to matters included within the jurisdiction of the Judge of Compensation Claims under chapter 440, Florida Statutes. The undersigned Judge of Compensation Claims makes no findings regarding the legal sufficiency or reasonableness of any other matters that may be included in the stipulation in support of the Joint Petition in this case.
IT IS ORDERED AND ADJUDGED:
A. The stipulation in support of the joint petition for settlement is approved, and the parties are ordered to comply with tfaeits provisions thereof.
B. On payment of the additional consideration set forth in the joint petition and supporting stipulation for settlement, the liability of the employer and its carrier (servicing agent) for the payment or provision of medical benefits under section 440.13, Florida Statutes, because of the industrial accident and injury referenee-dred to in this order herein is hereby fully and forever discharged and released.
[[Image here]]
C.This order shall not be subject to modification or review under section 440.28, Florida Statutes.
DONE AND ORDERED in Chambers,
Judge of Compensation Claims
THIS IS TO CERTIFY that the above order was entered in the office of the Judge of Compensation Claims and a copy was served by U.S. Mail on each party and counsel at the addresses listed above on ... , ,19=..(date).
Assistant to the Judge of Compensation Claims
FORM 4.912 NOTICE OF ESTIMATED COST OF PREPARATION OF RECORD ON APPEAL
STATE OF FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY JUDGE OF COMPENSATION CLAIMS DISTRICT_
NOTICE OF ESTIMATED COST OF PREPARATION OF RECORD ON APPEAL
*918 CLAIM NUMBER:
DATE OF ACCIDENT:
CASE NUMBER:
YOU ARE HEREBY NOTIFIED that the cost of the preparation of the record in the above-styled cause is in the approximate sum of $_Please make check payable to _ c/o the undersigned judge of compensation claims.
Your attention is directed to Florida Rule of Workers’ Compensation Procedure 4.180(e), which provides:
(e) Costs.
(1) Notice of Estimated Costs. Within 5 days after the contents of the record have been determined under these rules, the judge shall notify the appellant of the estimated cost of preparing the record. The judge shall also notify the division of the estimated record costs if the appellant files a verified petition to be relieved of costs and a sworn financial affidavit in substantially the same form as form 4.9125.
(2) Deposit of Estimated Costs. Within 15 days after the notice of estimated costs is served, the appellant shall deposit a sum of money equal to the estimated costs with the judge.
(3) Failure to Deposit Costs. If the appellant fails to deposit the estimated costs within the time prescribed, the judge shall notify the district court, which may dismiss the appeal.
(4) State Agencies: Waiver of Costs. Any self-insured state agency, including the Division of Workers’ Compensation or the Special Disability Trust Fund, need not deposit the estimated costs.
Your attention is called further to section 440.25(5)(b), Florida Statutes, and rule 4.180(f)(2), which provides:
(0 Relief From Filing Fees and Costs: Indigency.
(2) Costs of Preparation of Record.
(A) Authority. An appellant may be relieved in whole or in part from the costs of the preparation of the record on appeal by filing with the judge a verified petition to be relieved of costs and a copy of the designation of the record on appeal. The verified petition to be relieved of costs shall contain a sworn financial affidavit as described in subdivision (D) below in a form substantially the same as form 4.9125.
(B) Time. The verified petition to be relieved of costs must be filed within 15 days after service of the notice of estimated costs. A verified petition filed before the date of service of the notice of estimated costs shall be deemed not timely.
(C) Verified Petition: Contents. The verified petition shall contain a request by the appellant to be relieved of costs due to insolvency. The petition also shall include a statement by the appellant’s attorney or the appellant, if not represented by an attorney, that the appeal was filed in good faith and the district court reasonably could find reversible error in the record and shall state with particularity the specific legal and factual grounds for that opinion.
(D) Sworn Financial Affidavit: Contents. With the verified petition to be relieved of costs, the appellant shall file a sworn financial affidavit listing income and assets, including marital income and assets, and expenses and liabilities. The sworn financial affidavit shall be substantially the same as form 4.9125.
(E)Verified Petition and Sworn Financial Affidavit: Service. The appellant shall serve a copy of the verified petition to be relieved of costs, including the sworn financial affidavit, on all inter *919 ested parties, including the division, the office of general counsel of the department, and the clerk of the district court.
(F) Hearing on Petition to be Relieved of Costs. After giving 15 days’ notice to the division and all parties, the judge shall promptly hold a hearing and rule on the merits of the petition to be relieved of costs. However, if no objection to the petition is filed by the division or a party within 20 days after the petition is served, the judge may enter an order on the merits of the petition without a hearing.
(G) Extension of Appeal Deadlines: Petition Granted. If the petition to be relieved of the entire cost of the preparation of the record on appeal is granted, the 60-day period allowed under these rules for the preparation of the record shall begin to run from the date of the order granting the petition.
(H) Extension of Appeal Deadlines: Petition Denied. If the petition to be relieved of the cost of the record is denied or only granted in part, the petitioner shall deposit the estimated costs with the judge within 15 days from the date the order denying the petition is entered. The 60-day period allowed under these rules for the preparation of the record shall begin from the date the estimated cost is deposited with the judge.
(I) Payment of Cost for Preparation of Record by Administration Trust Fund. If the petition to be relieved of costs is granted, the judge may order the Workers’ Compensation Administration Trust Fund to pay the cost of the preparation of the record on appeal pending the final disposition of the ■ appeal.
(J)Reimbursement of Administration Trust Fund If Appeal Is Successful. If the Administration Trust Fund has paid the costs of the preparation of the record and the appellant prevails at the conclusion of the appeal, the appel-lee shall reimburse the Fund the costs paid within 30 days of the mandate issued by the district court or supreme court under these rules.
Judge of Compensation Claims
I certify that a copy of this notice has been furnished to the appellant, appellant’s attorney, appellee, division, and the District Court of Appeal, First District, by mail on , 19=7.(date).
Assistant to the Judge of Compensation Claims
FORM 4.9125 FINANCIAL AFFIDAVIT IN SUPPORT OF VERIFIED PETITION FOR RELIEF FROM COSTS
STATE OF FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY OFFICE OF THE JUDGE OF COMPENSATION CLAIMS DISTRICT .(district number) .
[[Image here]]
*920 [[Image here]]
*921 [[Image here]]
*922 [[Image here]]
*923 [[Image here]]
AFFIANT/APPELLANT
SWORN TO and SUBSCRIBED before me this — -—day—of . .=, — 19=on .(date)., by_
(Signature of Notary Public — State of Florida)
(Print, Type, or Stamp Commissioned Name of Notary Public)
Personally Known_OR Produced Identification _ Type of Identification Produced _
CERTIFICATE OF SERVICE
I HEREBY CERTIFY that a true and correct copy of the above Financial Affidavit has been furnished by __ this --day-of---,-4&=on .(date)., to:)_
_Appellant/Appellant’s Attorney
FORM 4.913 SUBPOENA
(a) Subpoena-for- Trial or Deposition,
STATE OF FLORIDA DEPARTMENT OF LABOR AND ■EM-P-LOYM-E-N-T SECU-R-I-T-Y ’ OFFICE OF THE JUDGE OF COM-■PE-NSAT-ION-CLAIM-g D-I-STR-ICT — —(distr-iet—number)
EMPLOYEE;
EMPLOYER/CARRIER:
CLAIM-NUMBER;
DATE OF ACCIDENT;
SUBPOENA
IN TH-E-NAM-E-O-F-THE STATE OF FLORIDA
To the sheriff-or--any-eonstable of said county:
You-are-hereby-commanded to summon:
.(name).
(address).
to appear before-me at .(location of hearing-or-deposition)..at ... .-(-time)..on..(day). .■■■ .■■■,■ .(date)-.-.- ■■■ ,;-as-witness(es) on behalf *924 of ..... (name-of-parAy-c-ausi-ng-subpoena to-be-issued).
Herein fail not.
A-tr-ue-copy-
Sheri-ff
D.S.
— under—my—hand—and—seal,—at _(city)_Florida_(date)-
Judge of Compensation Claims
Attorney
.(address).
■.(telephone number).
Florida Bar No. .:...■
(b) Subpoena Duces Tecum for Trial or Deposition.
STATE OF FLORIDA DEPARTMENT OF -LABOR.-AND-EMFLOmEN-T-^EG-U-RI-T-Y OFFICE OF THE JUDG-ILQ-F-GOM-■PENSATION CLAIMS ■DISTRICT— .. ,. .(district-number).
EM-P-LOYEE:-
E-M-FLOYER/CARRIER:
CLAIM NUMBER:
■DA-TE-O-F-ACC-IDE-N-T:
g-U-B-PQ-E-N-A
IN THE NAME OF THE-STAT-E.OF FLORIDA
To the sheriff— or — any— eonstable-of — said county-:
You-are hereby commanded to summon:
.... .(name).
.(address).
to appear before me at .(location of hearing-or-deposition)..at .■. .(time)..on..(day)., .(date)--■■ — as-witness(es) on behalf of.(name-of-party- causing subpoena to-be-issued).
T-he-witness is ordered and directed to produce- for inspection or copying at the aforesaid time and place:
.(documents-to be produced).
■Herein fail not.
A true copy
Sheri-ff
D.S.
Given— under—my—hand—and—seal,—at .(city).,-Florida, .(date)
Judge-of-Compensation Claims
Attorney
.(address).
.(telephone number).
Florida-Bar No..
(a) Subpoena for Deposition for Issuance by Judge of Compensation Claims.
STATE OF FLORIDA OFFICE OF THE JUDGE OF COMPENSATION CLAIMS DISTRICT.(district number).
[[Image here]]
*925 [[Image here]]
SUBPOENA FOR DEPOSITION
THE STATE of FLORIDA
TO: .(name of person being subpoenaed) .
.(address of person).
YOU ARE COMMANDED to appear before a person authorized by law to .take depositions at .(address)., in .(city).,_Florida,_on .(date)., at_o’loek ,m. (Central) (Eastern) Time for the taking of your deposition. This facility meets all current requirements for handicap accessibility; however, if you require any special additional accommodations, please advise the office of the attorney named below at once so that arrangements can be made. Also, if you are unable to clearly communicate in the English language, please advise so that arrangements for a translator can be made. IF YOU FAIL TO APPEAR, YOU MAY BE HELD IN CONTEMPT OF COURT.
You are subpoenaed to appear at the request of the attorney for the.(petitioner/employer/carrier).(name of attorney)., .(telephone number)., and, unless excused from this subpoena by this attorney or the Judge, the Honorable.(name of .judge)., you must respond as directed. Any questions should be directed to this attorney at the address listed above. You may wish to call the office of this attorney the day before to determine if your appearance still is required.
.(name of person or official serving subpoena).
.(title, if any).
.(date).
.(signature of judge).
JUDGE OF COMPENSATION CLAIMS
.(name of judge).
.(address).
.(telephone number).
(b) Subpoena for Deposition for Issuance by Attorney of Record.
STATE OF FLORIDA OFFICE OF THE JUDGE OF COMPENSATION CLAIMS DISTRICT.(district number).
[[Image here]]
*926 [[Image here]]
SUBPOENA FOR DEPOSITION
THE STATE OF FLORIDA
TO: .(name of person being subpoenaed) .
.(address of person).
YOU ARE COMMANDED to appear before a person authorized by law to take depositions at .(address)., in .(city).,_Florida,_on .(date)., at . o’clock m. (Central) (Eastern) Time for the taking of your deposition. This facility meets all current requirements for handicap accessibility; however, if you require any special additional accommodations, please advise the office of the attorney named below at once so that arrangements can be made. Also, if you are unable to clearly communicate in the English language, please advise so that arrangements for a translator can be made. IF YOU FAIL TO APPEAR, YOU MAY BE HELD IN CONTEMPT OF COURT.
As now authorized under Florida Rule of Civil Procedure 1.410, you are subpoenaed to appear by the following attorney under the direction of the Judge of Compensation Claims and, unless excused from this subpoena by the undersigned attorney or the Judge, the Honorable .(name of judge)., you shall respond as directed. Any questions should be directed to this attorney at the address listed below. You may wish to call the office of this attorney the day before to determine if your appearance still is required.
.(name of person or official serving subpoena).
.(title, if any).
.(date).
.(signature of attorney).
.(name of attorney).
Attorney for
.(address).
.(telephone number).
.(Florida Bar No.).
(c) Subpoena Duces Tecum for Deposition for Issuance by Judge of Compensation Claims.
STATE OF FLORIDA OFFICE OF THE JUDGE OF COMPENSATION CLAIMS DISTRICT.(district number).
[[Image here]]
*927 [[Image here]]
SUBPOENA DUCES TECUM FOR DEPOSITION
THE STATE of FLORIDA
TO: .(name of person being subpoenaed) .
.(address of person).
YOU ARE COMMANDED to appear before a person authorized by law to take depositions at .(address)., in .(city).,_Florida,_on .(date)., at .. .. o’clock .m. (Central) (Eastern) Time for the taking of your deposition in this action and to have with you at that time and place the following: —
This facility meets all current requirements for handicap accessibility; however, if you require any special additional accommodations, please advise the office of the attorney named above at once so that arrangements can be made. Also, if you are unable to clearly communicate in the English language, please advise so that arrangements for a translator can be made. IF YOU FAIL TO APPEAR, YOU MAY BE HELD IN CONTEMPT OF COURT.
You are subpoenaed to appear at the request of the attorney for the.(petitioner/employer/carrier)., .(name of attorney)., .(telephone number)., and, unless excused from this subpoena by this attorney or by me, the Judge of Compensation Claims, you must respond as directed. Any questions should be directed to this attorney at the address listed above. You may wish to call the office of this attorney the day before to determine if your appearance still is required.
.(name of person or official serving subpoena).
.(title, if any).
.(date).
.(signature of judge).
■ .(name of judge).
JUDGE OF COMPENSATION CLAIMS
.(address of judge).
.(telephone number).
(d) Subpoena Duces Tecum for Deposition for Issuance by Attorney of Record.
STATE OF FLORIDA OFFICE OF THE JUDGE OF COMPENSATION CLAIMS DISTRICT.(district number).
[[Image here]]
*928 [[Image here]]
SUBPOENA DUCES TECUM FOR DEPOSITION
THE STATE OF FLORIDA
TO: .(name of person being subpoenaed) .
.(address of person).
YOU ARE COMMANDED to appear before a person authorized by law to take depositions at .(address)., in .(city).,_Florida,_on .(date)., at . o’clock m. (Central) (Eastern) Time for the taking of your deposition in this action and to have with you at that time and place the following: —
This facility meets all current requirements for handicap accessibility; however, if you require any special additional accommodations, please advise the office of the attorney named below at once so that arrangements can be made. Also, if you are unable to clearly communicate in the English language, please advise so that arrangements for a translator can be made. IF YOU FAIL TO APPEAR, YOU MAY BE HELD IN CONTEMPT OF COURT.
As now authorized under Florida Rule of Civil Procedure 1.410, you are subpoenaed to appear by the following attorney under the direction of the Judge of Compensation Claims and, unless excused from this subpoena by the undersigned attorney or the Judge, the Honorable .(name of .judge).r, you shall respond as directed. Any questions should be directed to this attorney at the address listed below. You may wish to call the office of this attorney the day before to determine if your appearance still is required.
.(name of person or official serving
subpoena).
.(title, if any).
.(date).
.(signature of attorney).
.(name of attorney).
Attorney for
.(address).
.(telephone number).
.(Florida Bar No.).
(e) Subpoena Duces Tecum Issued by Attorney of Record for Witness to Produce Records Instead of Attending Formal Deposition.
STATE OF FLORIDA OFFICE OF THE JUDGE OF COMPENSATION CLAIMS DISTRICT.(district number).
[[Image here]]
*929 [[Image here]]
SUBPOENA DUCES TECUM TO FURNISH RECORDS AND OTHER ITEMS INSTEAD OF ATTENDING FORMAL DEPOSITION
THE STATE OF FLORIDA
TO: .(name of person being subpoenaed) .
.(address of person).
YOU ARE COMMANDED to appear at .(address)., in .(city)., Florida, on .(date)., at o’clock m. (Central) (Eastern) Time and to have with you at that time and place the following: -
This facility meets all current requirements for handicap accessibility; however, if you require any special additional accommodations, please advise the office of the attorney named below at once so that arrangements can be made. Also, if you are unable to clearly communicate in the English language, please advise so that arrangements for a translator can be made.
The items listed above will be inspected and may be copied at that time. You may comply with this subpoena by providing legible copies of the records and items to be produced to the undersigned attorney on or before the scheduled date of production. You may require from the attorney whose name appears on this subpoena advance payment of the reasonable cost of the preparation of the copies and items furnished. Under section 440.13(4)(b), Florida Statutes (1994), the Division of Workers’ Compensation sets standard copy costs for medical records of an injured employee. You may mail or deliver the copies to the undersigned attorney and thereby eliminate your appearance at the time and place specified above. You have the right to object to the subpoenaed documents or items by filing a written notice of the objections with the undersigned attorney at any time before the production deadline noted above. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.
As now authorized under Florida Rule of Civil Procedure 1.410, you are subpoenaed to appear by the following attorney under the direction of the Judge, the Honorable .(name of .judge).Unless excused from this subpoena by the undersigned attorney or the Judge, you must respond to this subpoena as directed. If you fail to: (1) appear as specified; or (2) furnish the records instead of appearing as provided above; or (3) object to this subpoena in writing, YOU MAY BE IN CONTEMPT OF COURT.
.(signature of attorney).
.(name of attorney).
Attorney for
.(address).
.(telephone number).
.(Florida Bar No.).
(f) Subpoena for Trial for Issuance by Judge of Compensation Claims.
STATE OF FLORIDA OFFICE OF THE JUDGE OF COMPENSATION CLAIMS DISTRICT.(district number).
[[Image here]]
*930 [[Image here]]
SUBPOENA FOR TRIAL
THE STATE OF FLORIDA
TO: .(name of person being subpoenaed) .
.(address of person).
YOU ARE COMMANDED to appear before me, .(name of Judge)., Judge of Compensation Claims, at my offices located at Room.(number)., at the .(county). County Courthouse at .(address). in .(city)., Florida, at _ o’clock _m, (Eastern) (Central) Time on ., (date) .to testify in this action. This facility meets all current requirements for handicap accessibility; however, if you require any special additional accommodations, please advise my office at once so that arrangements can be made. Also, if you are unable to clearly communicate in the English language, please advise so that arrangements for a translator can be made. IF YOU FAIL TO APPEAR, YOU MAY BE HELD IN CONTEMPT OF COURT.
You have been subpoenaed to appear at the request of the attorney for the petitioner/employer/carrier,.(name of attorney) ., .(telephone number)., and, unless excused from this subpoena by the attorney or by me, the Judge of Compensation Claims, you shall respond to this subpoena as directed. It is suggested that you telephone the office of the attorney the day before the hearing to confirm that your presence still is required.
.(signature of judge).
.(name of .judge).
JUDGE OF COMPENSATION CLAIMS
.(address of judge).
(g) Subpoena for Trial for Issuance by Attorney of Record.
STATE OF FLORIDA OFFICE OF THE JUDGE OF COMPENSATION CLAIMS DISTRICT.(district number).
[[Image here]]
*931 [[Image here]]
SUBPOENA FOR TRIAL
THE STATE OF FLORIDA
TO: .(name of person being subpoenaed) .
.(address of person).
YOU ARE COMMANDED to appear before.(name of Judge)., Judge of Compensation Claims, at his/her offices located at Room .(number)., at the .(county). County Courthouse at .(address). in .(city)., Florida, at _ o’clock _m. (Eastern) (Central) Time on . (date)...., to testify in this action. This facility meets all current requirements for handicap accessibility; however, if you require any special additional accommodations, please advise my office at once so that arrangements can be made. Also, if you are unable to clearly communicate in the English language, please advise so that arrangements for a translator can be made. IF YOU FAIL TO APPEAR, YOU MAY BE HELD IN CONTEMPT OF COURT.
As now authorized under Florida Rule of Civil Procedure 1,410, you are subpoenaed to appear by the following attorney under the direction of the Judge of Compensation Claims and, unless excused from this subpoena by the undersigned attorney or the Judge, the Honorable .(name of .judge)., you must respond to this subpoena as directed. You may wish to call the office of the attorney the day before the hearing to determine if your presence still is required.
.(name of person or official serving subpoena).
. (title, if any).
. (date).
.(signature of attorney)
.(name of attorney)
Attorney for
.(address).
.(telephone number)...
.(Florida Bar No.).
FORM 4.9135 AFFIDAVIT OF SERVICE OF SUBPOENA
STATE OF FLORIDA OFFICE OF THE JUDGE OF COMPENSATION CLAIMS DISTRICT.(district number).
AFFIDAVIT ATTESTING TO SERVICE OF WITNESS SUBPOENA FOR (TRIAL) (DEPOSITION)
Before me the undersigned authority authorized to administer oaths and take acknowledgments under the laws of the State of Florida, personally appeared, .(name of person serving subpoena) .who, upon first being duly sworn by me, testified that (he)(she) served a copy of the attached witness subpoena for (trial) (deposition) in the case of .(style of case ).on.(name of person subpoenaed).by: (check one alternative)
[ ] Personally handing the original subpoena to the person named in the subpoena.
[ ] Leaving a copy of the original subpoena at the usual residence of the individual named in the subpoena with a person also residing in the same residence who is 15 years of age or older and informing that person that the subpoena is to summon the individual to *932 testify (at a trial before the Judge of Compensation Claims) (at a deposition before a person authorized to administer oaths) on the date, time, and place designated in the subpoena.
Date and time of service: .(month, day, year)., at o’clock _m. (Eastern)(Central) Time.
(Signature of person serving subpoena and giving oath)
SWORN TO AND SUBSCRIBED BEFORE ME ON .(month, day, year)..(name of county). County, State of Florida.
Method of Identification of Individual Giving Affidavit:
[ ] Personally known to me
[ ] Automobile driver’s license with photo of individual
[ ] Passport .(name of country).
[ ] Other photo identification
[ ] Other method of identificátion
Notary Seal or Stamp
Notary Public, State of Florida (signature) .(print name of notary).
My Commission Expires: _
Commission Certificate No. _
DO NOT FILE WITH COURT UNLESS REQUESTED
FORM 4.915 UNIFORM SPECIAL DISABILITY TRUST FUND PRETRIAL STIPULATION, PRETRIAL COMPLIANCE QUESTIONNAIRE, AND ORDER
STATE OF FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY - OFFICE OF THE JUDGE OF COMPENSATION CLAIMS DISTRICT . (district number) .
[[Image here]]
*933 [[Image here]]
*934 [[Image here]]
*935 [[Image here]]
*936 [[Image here]]
V. PRETRIAL ORDER
1.If done by mail, it is the responsibility of the E/C’s counsel to see that a single pretrial questionnaire is completed and executed by all counsel and filed with the judge before the time noticed for the pretrial hearing; otherwise, personal appearance by all counsel is mandatory.
2. All depositions or stipulated medical reports that are to be admitted into evidence must be filed with the undersigned judge 48 hours before the time of the final hearing to be considered and received into evidence.
3. If medical reports are stipulated into evidence, it shall be the responsibility of *937 E/C’s counsel to file a tabulated and indexed medical composite.
4. All discovery must be noticed at least 21 days before the final hearing.
5. Witness lists must be filed with the judge and exchanged between the parties at the time of the pretrial hearing or 30 days before final hearing.
6. The above stipulations of the parties are accepted and approved by the undersigned.
7. The final hearing is hereby scheduled as noted above.
DONE AND ORDERED in Chambers.
Judge of Compensation Claims
I certify that a copy of the-for-egoingis stipulation was mailed or hand delivered to the above-named parties and counsel on , 19..(date).
Assistant to the Judge of Compensation Claims
FORM 4.916 UNIFORM PRETRIAL STIPULATION AND ORDER FOR PENALTY CASES
STATE OF FLORIDA DEPARTMENT OF LABOR AND EMPLOYMENT SECURITY OFFICE OF THE JUDGE OF COMPENSATION CLAIMS DISTRICT.(district number).
[[Image here]]
*938 [[Image here]]
*939 [[Image here]]
*940 CERTIFICATE OF SERVICE
I hereby certify that the original and one copy of the foregoingis stipulation has been furnished to The Honorable_, Judge of Compensation Claims, and a copy furnished to the Employer/Carrier/Servicing Agent as follows:
For State of Florida, Department of Labor and Employment Security
PRETRIAL ORDER
The above pretrial stipulations are hereby approved and accepted. The State of Florida, Department of Labor and Employment Security, Division of Workers’ Compensation, shall' schedule and file a notice of final hearing within 30 days from the date of this order.
Done and Ordered in Chambers.
Judge of Compensation Claims
I certify that a copy of the-foregoingis stipulation and order was mailed or hand delivered to the above-named parties and counsel of record on , -1-9=.t.(date).
Assistant to the Judge of Compensation Claims

. We likewise adopt the Committee’s proposed amendment to Form 4.911, Orders Approving Settlement of Prospective Benefits, which also reflects this change.

. We adopt without discussion the Committee's proposed editorial and technical amendments to rules 4.025, 4.030, 4.065, 4.085, 4.105, 4.120, 4.142, 4.143, 4.144, 4.310, and 4.370 and forms 4.902, 4.904, 4.905, 4.906, 4.907, 4.908, 4.9085, 4.909, 4.9091, 4.9092, 4.910, 4.911, 4.912, 4.9125, 4.915, and 4.916 as reflected in the attached appendix.

. As conceded by the Committee at oral argument, the Committee’s note to rule 4.055, Discovery, would extrapolate on rather than explain existing case law. For this reason, we decline to publish this note. Our refusal to publish this note does not preclude a proposed amendment to the rule itself in the future.